PATRIC HOOPER (State Bar No. 57343)
**HOOPER, LUNDY & BOOKMAN, P.C.**
1875 Century Park East, Suite 1600
Los Angeles, California 90067-2517
Telephone: (310) 551-8111
Facsimile: (310) 551-8181

KATRINA A. PAGONIS (State Bar No. 262890)
**HOOPER, LUNDY & BOOKMAN, P.C.**
575 Market Street, Suite 2300
San Francisco, California 94105
Telephone: (415) 875-8500
Facsimile: (415) 875-8519

Attorneys for Marshall Medical Center

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. COLLEEN HERREN, et al.,<br><br>          Plaintiffs,<br><br>     vs.<br><br>MARSHALL MEDICAL CENTER; MARSHALL FOUNDATION FOR COMMUNITY HEALTH; EL DORADO HEMATOLOGY & MEDICAL ONCOLOGY II, INC.; LIN H. SOE, M.D.; TSUONG TSAI, M.D.,<br><br>          Defendants. | CASE NO. 2:12-CV-0098 JAM-KJN<br><br>**DEFENDANT MARSHALL MEDICAL CENTER'S ANSWER TO THE SECOND AMENDED COMPLAINT**<br><br>The Hon. John A. Mendez<br><br>Trial Date:          None Set |

Defendant Marshall Medical Center ("Defendant"), a California Corporation, answers the allegations of the enumerated paragraphs of *Qui Tam* Relator-Plaintiff Colleen Herren's ("Relator") Second Amended Complaint ("SAC") pursuant to Federal Rule of Civil Procedure 8(b) as follows:

1.      In answer to paragraph 1 of the SAC: Defendant admits that Relator purports to bring this action against Defendant and Defendants Drs. Lin Soe and

Tsuong Tsai on behalf of the United States of America and the State of California under the Federal False Claims Act, 31 U.S.C. § 3729 – 3733, and the California False Claims Act, Cal. Gov't Code §§ 12650 – 12656 ("CFCA"). Except as heretofore specifically admitted, Defendant generally and specifically denies each and every allegation contained within the paragraph.

2.    In answer to paragraph 2 of the SAC, Defendant generally and specifically denies each and every allegation contained within the paragraph.

3.    In answer to paragraph 3 of the SAC, Defendant generally and specifically denies each and every allegation contained within the paragraph.

4.    In answer to paragraph 4 of the SAC: Defendant admits the allegation that Relator is the former Clinical Nursing Director for Specialty Clinics. Except as heretofore specifically admitted, Defendant generally and specifically denies each and every allegation contained within the paragraph.

5.    In answer to paragraph 5 of the SAC, Defendant generally and specifically denies each and every allegation contained within the paragraph.

## JURISDICTION AND VENUE

6.    In answer to paragraph 6 of the SAC, Defendant generally and specifically denies each and every allegation contained within the paragraph.

7.    In answer to paragraph 7 of the SAC: Defendant admits that venue lies in this judicial district. Except as heretofore specifically admitted, Defendant generally and specifically denies each and every allegation contained within the paragraph.

## THE PARTIES

8.    In answer to paragraph 8 of the SAC, Defendant admits that Relator purports to bring this action on behalf of Plaintiffs the United States of America and the State of California

9.    In answer to paragraph 9 of the SAC: Defendant admits the allegation that Relator was hired as the Clinical Nursing Director for Specialty Clinics on or

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1  about June of 2010.  Except as heretofore specifically admitted, Defendant generally

2  and specifically denies each and every allegation contained within the paragraph.

3        10.     In answer to paragraph 10 of the SAC: Defendant admits the allegation

4  that Defendant is a California Corporation with its principal place of business at

5  1100 Marshall Way, Placerville, California; that Defendant is organized as an

6  independent, nonprofit healthcare provider; and that Defendant operates an

7  outpatient Hematology/Oncology clinic located at 3102 Ponte Merino Drive, Suite

8  100, Cameron Park, California (the "Clinic").   Defendant admits that Defendant

9  participates in Medicare, Medi-Cal, and TRICARE/CHAMPUS and bills to those

10 programs, including for services provided at the Clinic.  Except as heretofore

11 specifically admitted, Defendant generally and specifically denies each and every

12 allegation contained within this paragraph.

13       11.     In answer to paragraph 11 of the SAC: Paragraph 11 of the SAC

14 contains allegations concerning the Marshall Foundation for Community Health.

15 Because the allegations and claims against Marshall Foundation for Community

16 Health have been dismissed, the allegations in paragraph 11 of the SAC do not

17 require an answer.  To the extent that an answer is deemed necessary, Defendant

18 lacks information or belief sufficient to admit or deny all the remaining allegations

19 in paragraph 11 and upon that basis, denies all such allegations.

20       12.     In answer to paragraph 12 of the SAC: Defendant admits the allegation

21 that Defendant contracts with El Dorado Hematology & Medical Oncology II, Inc.

22 ("EDHMO")  On information and belief, EDHMO was at all times covered by the

23 SAC, owned and operated by Dr. Lin Soe and Dr. Tsuong Tsai. Except as heretofore

24 specifically admitted, Defendant lacks information or belief sufficient to admit or

25 deny all the remaining allegations in paragraph 12 of the SAC and upon that basis,

26 denies all such allegations.

27       13.     In answer to paragraph 13 of the SAC: Defendant admits the allegation

28 that Drs. Lin Soe and Tsuong Tsai have clinical privileges at Defendant and that

2073260.3

1  Defendant does not employ Drs. Lin Soe and Tsuong Tsai.  Insofar as paragraph 13

2  of the SAC contains allegations that predate the contractual relationship between

3  Defendant and EDHMO, Defendant lacks information or belief sufficient to admit

4  or deny such allegations and upon that basis, denies all such allegations.  Except as

5  heretofore specifically admitted, Defendant generally and specifically denies each

6  and every allegation contained within the paragraph.

## THE FEDERAL AND CALIFORNIA FALSE CLAIMS ACTS

8       14.    The allegations in paragraph 14 of the SAC purport to paraphrase, state,

9  or interpret law or regulations of the False Claims Act ("FCA"), or constitute legal

10  arguments or legal conclusions about the same, and as such, said laws or regulations

11  speak for themselves and do not require an answer. To the extent an answer is

12  deemed necessary, Defendant denies each and every allegation contained within

13  paragraph 14.

14       15.    The allegations in paragraph 15 of the SAC purport to paraphrase, state,

15  or interpret law or regulations of the False Claims Act ("FCA"), or constitute legal

16  arguments or legal conclusions about the same, and as such, said laws or regulations

17  speak for themselves and do not require an answer. To the extent an answer is

18  deemed necessary, Defendant denies each and every allegation contained within

19  paragraph 15.

20       16.    The allegations in paragraph 16 of the SAC purport to paraphrase, state,

21  or interpret law or regulations of the California False Claims Act ("CFCA"), or

22  constitute legal arguments or legal conclusions about the same, and as such, said

23  laws or regulations speak for themselves and do not require an answer. To the extent

24  an answer is deemed necessary, Defendant denies each and every allegation

25  contained within paragraph 16.

## FEDERAL AND STATE GOVERNMENT HEALTHCARE PROGRAMS

27       17.    Defendant admits the allegations in paragraph 17 of the SAC.

28       18.    Defendant admits the allegations in paragraph 18 of the SAC.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

19.    The allegations in paragraph 19 of the SAC purport to paraphrase, state, or interpret law or regulations of Title XVIII of the Social Security Act (the "Medicare Act"), or constitute legal arguments or legal conclusions about the same, and as such, said laws or regulations speak for themselves and do not require an answer. To the extent an answer is deemed necessary, Defendant denies each and every allegation contained within paragraph 19.

20.    The allegations in paragraph 20 of the SAC purport to paraphrase, state, or interpret law or regulations of the Medicare Act, or constitute legal arguments or legal conclusions about the same, and as such, said laws or regulations speak for themselves and do not require an answer. To the extent an answer is deemed necessary, Defendant denies each and every allegation contained within paragraph 20.

21.    The allegations in paragraph 21 of the SAC purport to paraphrase, state, or interpret law or regulations of the Medicare Act, or constitute legal arguments or legal conclusions about the same, and as such, said laws or regulations speak for themselves and do not require an answer. To the extent an answer is deemed necessary, Defendant denies each and every allegation contained within paragraph 21.

22.    The allegations in paragraph 22 of the SAC purport to paraphrase, state, or interpret law or regulations of the Medicare Act, or constitute legal arguments or legal conclusions about the same, and as such, said laws or regulations speak for themselves and do not require an answer. To the extent an answer is deemed necessary, Defendant denies each and every allegation contained within paragraph 22.

23.    The allegations in paragraph 23 of the SAC purport to paraphrase, state, or interpret law or regulations of the Medicare Act, or constitute legal arguments or legal conclusions about the same, and as such, said laws or regulations speak for themselves and do not require an answer. To the extent an answer is deemed

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1 necessary, Defendant denies each and every allegation contained within paragraph
2 23.

3     24.    The allegations in paragraph 24 of the SAC purport to paraphrase, state,
4 or interpret law or regulations of the Medicare Act, or constitute legal arguments or
5 legal conclusions about the same, and as such, said laws or regulations speak for
6 themselves and do not require an answer. To the extent an answer is deemed
7 necessary, Defendant denies each and every allegation contained within paragraph
8 24.

9     25.    The allegations in paragraph 25 of the SAC purport to paraphrase, state,
10 or interpret law or regulations of the Medicare Act, or constitute legal arguments or
11 legal conclusions about the same, and as such, said laws or regulations speak for
12 themselves and do not require an answer. To the extent an answer is deemed
13 necessary, Defendant denies each and every allegation contained within paragraph
14 25.

15     26.    The allegations in paragraph 26 of the SAC purport to paraphrase, state,
16 or interpret law or regulations of the Medicare Act, or constitute legal arguments or
17 legal conclusions about the same, and as such, said laws or regulations speak for
18 themselves and do not require an answer. To the extent an answer is deemed
19 necessary, Defendant denies each and every allegation contained within paragraph
20 26.

21     27.    The allegations in paragraph 27 of the SAC purport to paraphrase, state,
22 or interpret law or regulations of the Medicare Act, or constitute legal arguments or
23 legal conclusions about the same, and as such, said laws or regulations speak for
24 themselves and do not require an answer. To the extent an answer is deemed
25 necessary, Defendant denies each and every allegation contained within paragraph
26 27.

27     28.    The allegations in paragraph 28 of the SAC purport to paraphrase, state,
28 or interpret law or regulations of the Medicare Act, or constitute legal arguments or

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

2073260.3

1  legal conclusions about the same, and as such, said laws or regulations speak for

2  themselves and do not require an answer. To the extent an answer is deemed

3  necessary, Defendant denies each and every allegation contained within paragraph

4  28.

5       29.    The allegations in paragraph 29 of the SAC purport to paraphrase, state,

6  or interpret law or regulations of the Medicare Act, or constitute legal arguments or

7  legal conclusions about the same, and as such, said laws or regulations speak for

8  themselves and do not require an answer. To the extent an answer is deemed

9  necessary, Defendant denies each and every allegation contained within paragraph

10  29.

11       30.    The allegations in paragraph 30 of the SAC purport to paraphrase, state,

12  or interpret law or regulations of the Medicare Act, or constitute legal arguments or

13  legal conclusions about the same, and as such, said laws or regulations speak for

14  themselves and do not require an answer. To the extent an answer is deemed

15  necessary, Defendant denies each and every allegation contained within paragraph

16  30.  On information and belief, Defendant further denies the allegations concerning

17  determinations or statements by Fiscal Intermediaries.

18       31.    The allegations in paragraph 31 of the SAC purport to paraphrase, state,

19  or interpret law or regulations of the Medicare Act, or constitute legal arguments or

20  legal conclusions about the same, and as such, said laws or regulations speak for

21  themselves and do not require an answer. To the extent an answer is deemed

22  necessary, Defendant denies each and every allegation contained within paragraph

23  31.

24       32.    The allegations in paragraph 32 of the SAC purport to paraphrase, state,

25  or interpret law or regulations of the Medicare Act, or constitute legal arguments or

26  legal conclusions about the same, and as such, said laws or regulations speak for

27  themselves and do not require an answer. To the extent an answer is deemed

28  necessary, Defendant denies each and every allegation contained within paragraph

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1   32.

2        33.     The allegations in paragraph 33 of the SAC purport to paraphrase, state,

3   or interpret law or regulations of the Medicare Act, or constitute legal arguments or

4   legal conclusions about the same, and as such, said laws or regulations speak for

5   themselves and do not require an answer. To the extent an answer is deemed

6   necessary, Defendant denies each and every allegation contained within paragraph

7   33.  On information and belief, Defendant further denies the allegation that the

8   Centers for Disease Control and Prevention have made recommendations

9   concerning single-dose and single-use vial medications in hospital outpatient clinics.

10       34.     The allegations in paragraph 34 of the SAC purport to paraphrase, state,

11  or interpret law or regulations of the Medicare Act, or constitute legal arguments or

12  legal conclusions about the same, and as such, said laws or regulations speak for

13  themselves and do not require an answer. To the extent an answer is deemed

14  necessary, Defendant denies each and every allegation contained within paragraph

15  34.

16       35.     The allegations in paragraph 35 of the SAC purport to paraphrase, state,

17  or interpret law or regulations of the Medicare Act, or constitute legal arguments or

18  legal conclusions about the same, and as such, said laws or regulations speak for

19  themselves and do not require an answer. To the extent an answer is deemed

20  necessary, Defendant denies each and every allegation contained within paragraph

21  35.

22       36.     The allegations in paragraph 36 of the SAC purport to paraphrase, state,

23  or interpret current procedural terminology ("CPT") codes for services or constitute

24  legal arguments or legal conclusions about the Medicare Act or regulations and, as

25  such, said CPT codes and laws or regulations speak for themselves and do not

26  require an answer.  To the extent an answer is deemed necessary, Defendant denies

27  each and every allegation contained within paragraph 36.

28       37.     The allegations in paragraph 37 of the SAC purport to paraphrase, state,

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1   or interpret current procedural terminology ("CPT") codes for services or constitute

2   legal arguments or legal conclusions about the Medicare Act or regulations and, as

3   such, said CPT codes and laws or regulations speak for themselves and do not

4   require an answer.  To the extent an answer is deemed necessary, Defendant denies

5   each and every allegation contained within paragraph 37.

6          38.    The allegations in paragraph 38 of the SAC purport to paraphrase, state,

7   or interpret current procedural terminology ("CPT") codes for services or constitute

8   legal arguments or legal conclusions about the Medicare Act or regulations

9   promulgated thereunder and, as such, said CPT codes and laws or regulations speak

10  for themselves and do not require an answer.  To the extent an answer is deemed

11  necessary, Defendant denies each and every allegation contained within paragraph

12  38.

13         39.    Defendant admits the allegations in paragraph 39 of the SAC.

14         40.    Defendant admits the allegations in paragraph 40 of the SAC.

15         41.    Defendant admits the allegations in paragraph 41 of the SAC.

16         42.    The allegations in paragraph 42 of the SAC purport to paraphrase, state,

17  or interpret law or regulations of Title IX of the Social Security Act (the "Medicaid

18  Act"), or constitute legal arguments or legal conclusions about the same, and as

19  such, said laws or regulations speak for themselves and do not require an answer. To

20  the extent an answer is deemed necessary, Defendant denies each and every

21  allegation contained within paragraph 42.

22         43.    Defendant admits the allegations in the first sentence of paragraph 43

23  of the SAC.  Except as heretofore specifically admitted, Defendant is without

24  sufficient knowledge or information to form a belief as to the truth of the allegations

25  contained in the remainder of paragraph 43 and on that basis denies those

26  allegations.

27         44.    The allegations in paragraph 44 of the SAC purport to paraphrase, state,

28  or interpret law or regulations of the Medicaid Act, or constitute legal arguments or

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

9

1  legal conclusions about the same, and as such, said laws or regulations speak for

2  themselves and do not require an answer.

3      45.    The allegations in paragraph 45 of the SAC purport to paraphrase, state,

4  or interpret law or regulations of chapter 7 of the California Welfare and Institutions

5  Code, or constitute legal arguments or legal conclusions about the same, and as

6  such, said laws or regulations speak for themselves and do not require an answer.

7      46.    Defendant admits the allegations in paragraph 46 of the SAC.

8      47.    Defendant admits the allegations in paragraph 47 of the SAC

9      48.    The allegations in paragraph 48 of the SAC purport to paraphrase, state,

10 or interpret law or regulations of United States Code, Title 10, Chapter 55, or

11 constitute legal arguments or legal conclusions about the same, and as such, said

12 laws or regulations speak for themselves and do not require an answer.  Defendant

13 admits that, as of the filing of Relator's original complaint, the Secretary of Defense

14 managed the TRICARE program through the TRICARE Management Activity

15 ("TMA").  Except as heretofore specifically admitted, Defendant generally and

16 specifically denies each and every allegation contained in the paragraph.

17     49.    Defendant admits the allegations in the first and second sentences of

18 paragraph 49.  Except as heretofore specifically admitted, the allegations contained

19 in the third, fourth, and fifth sentences of paragraph 49 are vague and ambiguous

20 and, on that basis, Defendant generally and specifically denies each and every

21 allegation.

22     50.    The allegations in paragraph 50 of the SAC purport to paraphrase, state,

23 or interpret law or regulations of United States Code, Title 10, Chapter 55, or

24 constitute legal arguments or legal conclusions about the same, and as such, said

25 laws or regulations speak for themselves and do not require an answer.

26     51.    In answer to paragraph 51 of the SAC, Defendant generally and

27 specifically denies each and every allegation.

28     52.    The allegations in paragraph 52 of the SAC purport to paraphrase, state,

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

2073260.3

1  or interpret law or regulations of United States Code, Title 10, Chapter 55, or

2  constitute legal arguments or legal conclusions about the same, and as such, said

3  laws or regulations speak for themselves and do not require an answer.

4  ## OVERVIEW OF ALLEGED FRAUDULENT ACTIONS

5      53.    In answer to paragraph 53 of the SAC, Defendant generally and

6  specifically denies each and every allegation contained within the paragraph.

7  ## FACTS COMMON TO ALL CLAIMS

8      54.    In answer to paragraph 53 of the SAC, Defendant is without sufficient

9  knowledge or information to form a belief as to the truth of the allegations contained

10 therein and on that basis denies those allegations.

11     55.    In answer to paragraph 55 of the SAC, Defendant is without sufficient

12 knowledge or information to form a belief as to the truth of the allegations contained

13 therein and on that basis denies those allegations.

14     56.    In answer to paragraph 56 of the SAC: on information and belief,

15 Defendant admits that El Dorado I ceased operations in 2007 and that Drs. Soe and

16 Tsai formed the new corporate entity El Dorado II.  Except as heretofore specifically

17 admitted, Defendant generally and specifically denies each and every allegation

18 contained within the paragraph.

19     57.    In answer to paragraph 57 of the SAC, Defendant generally and

20 specifically denies each and every allegation contained within the paragraph.

21     58.    In answer to paragraph 58 of the SAC, Defendant generally and

22 specifically denies each and every allegation contained within the paragraph.

23     59.    In answer to paragraph 59 of the SAC, Defendant generally and

24 specifically denies each and every allegation contained within the paragraph.

25     60.    In answer to paragraph 60 of the SAC, Defendant generally and

26 specifically denies each and every allegation contained within the paragraph.

27     61.    In answer to paragraph 61 of the SAC, Defendant generally and

28 specifically denies each and every allegation contained within the paragraph.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

62.     In answer to paragraph 62 of the SAC: Defendant admits that there exists a memorandum from El Dorado Hematology and Medical Oncology to Rick Vance that includes the language quoted in paragraph 62 with some alterations, and Defendant respectfully refers the Court to that document for an accurate, full and complete reading of its content.  On information and belief, Defendant denies that any such memo was drafted or sent in May of 2010 or at any time prior to Relator's employment by Defendant.  Except as heretofore specifically admitted, Defendant generally and specifically denies each and every allegation contained within the paragraph.

63.     In answer to paragraph 63 of the SAC: on information and belief Defendant admits that there exists a July 2011 memorandum from Drs. Soe and Tsai to Rick Vance entitled "Chemotherapy errors at Marshall Oncology outpatient infusion clinic" and that courtesy copies were provided to James Whipple, Shannon Truesdell, and Kathryn Krejci.  Defendant admits that such memorandum contains the language quoted in paragraph 63 with some alterations and respectfully refers the Court to that document for an accurate, full, and complete reading of its content.

64.     In answer to paragraph 64 of the SAC: Defendant admits that Relator's employment at Defendant began in June 2010.  Except as heretofore specifically admitted, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and on that basis denies those allegations.

65.     In answer to paragraph 65 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and on that basis denies those allegations.

66.     In answer to paragraph 66 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and on that basis denies those allegations.

67.     In answer to paragraph 67 of the SAC: Defendant admits that on or

about July 17, 2011, Rick Vance sent an email entitled "Oncology compliance issues" to Gloria McNeill, Melanie Hadsell, Susan Ayres, and Kathryn Krejci and that courtesy copies were sent to other individuals including Relator and Shannon Truesdell.  Defendant admits that such email contains the language quoted in paragraph 67 and respectfully refers the Court to that document for a full and complete reading of its content.  Except as heretofore specifically admitted, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and on that basis denies those allegations.

68.     In answer to paragraph 68 of the SAC: Defendant admits that Gloria McNeill sent a reply to the email described in paragraph 67 and that such reply email was sent to Rick Vance and Melanie Hadsell among others and that courtesy copies were sent to other individuals including Relator and Shannon Truesdell. Defendant admits that such email contains the language quoted in paragraph 68 and respectfully refers the Court to that document for a full and complete reading of its content.  Except as heretofore specifically admitted, Defendant generally and specifically denies each and every allegation contained within the paragraph.

69.     In answer to paragraph 69 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and on that basis denies those allegations.

70.     In answer to paragraph 70 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and on that basis denies those allegations.

71.     In answer to paragraph 71 of the SAC: Defendant admits that a team of pharmacists and pharmacy technicians rotated through the oncology infusion center from approximately August 8, 2011 through August 18, 2011 and that the pharmacy subsequently issued "Pharmacy Findings and Recommendations" on or about September 28, 2011.  Defendant admits that the "Pharmacy Findings and Recommendations" contains the language quoted in paragraph 71 and respectfully

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1 refers the Court to that document for a full and complete reading of its content.

2 Except as heretofore specifically admitted, Defendant generally and specifically

3 denies each and every allegation contained within the paragraph.

4      72.      In answer to paragraph 72 of the SAC: Defendant generally and

5 specifically denies each and every allegation contained within the first sentence of

6 the paragraph.  Defendant is without sufficient knowledge or information to form a

7 belief as to the truth of the allegations contained in the remainder of the paragraph

8 and on that basis denies those allegations.

9      73.      In answer to paragraph 73 of the SAC: Defendant admits that Relator

10 sent an email to Gloria McNeill with courtesy copies to Kathryn Krejci, Shannon

11 Truesdell, and Rick Vance on or about August 25, 2011 and that such email contains

12 the language quoted in paragraph 73 and respectfully refers the Court to that

13 document for a full and complete reading of its content.  Except as heretofore

14 specifically admitted, Defendant is without sufficient knowledge or information to

15 form a belief as to the truth of the allegations contained therein and on that basis

16 denies those allegations.

17      74.      In answer to paragraph 74 of the SAC: Defendant admits that a "Cancer

18 Strategic Planning Meeting" was held on August 30, 2011 and that Relator, Rick

19 Vance, and Shannon Truesdell were in attendance.  Defendant admits that the

20 minutes of this meeting contain the language quoted in paragraph 74 and

21 respectfully refers the Court to that document for a full and complete reading of its

22 content.  On information and belief, Defendant denies that Dr. Soe was in

23 attendance at the meeting described in paragraph 74.

24      75.      In answer to paragraph 75 of the SAC: Defendant admits that, on or

25 about August 31, 2011, Gloria McNeill sent a reply to the email described in

26 paragraph 73.  Defendant admits that such reply email contains the language quoted

27 in paragraph 75 and respectfully refers the Court to that document for a full and

28 complete reading of its content.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

76.     In answer to paragraph 76 of the SAC: Defendant admits that, on or about September 1, 2011, Relator sent a reply to Gloria McNeill's e-mail described in paragraph 75.  Defendant admits that such reply email contains the language quoted in paragraph 76 and addresses the issues described in paragraph 75, and Defendant respectfully refers the Court to that document for a full and complete reading of its content.  Except as heretofore specifically admitted, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and on that basis denies those allegations.

77.     In answer to paragraph 77 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and on that basis denies those allegations.

78.     In answer to paragraph 78 of the SAC: Defendant admits that Gloria McNeill prepared a memorandum dated September 9, 2011 and entitled "Physician Supervision of Therapeutic Services" and that such memorandum was addressed to Drs. Soe and Tsai with courtesy copies to James Whipple, Shannon Truesdell, Kathy Krejci, and Rick Vance.  Defendant admits that such memorandum contains the language quoted in paragraph 78 and respectfully refers the Court to that document for a full and complete reading of its content.  Except as heretofore specifically admitted, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and on that basis denies those allegations.

79.     In answer to paragraph 79 of the SAC: Defendant admits that, on or about September 20, 2011, EDHMO sent a memorandum to the Cancer Strategic Planning Committee with courtesy copies to James Whipple, Shannon Truesdell, and Kathy Krejci among others.  Defendant admits that such memorandum contains the language quoted in paragraph 79 with some alterations and respectfully refers the Court to that document for an accurate, full, and complete reading of its content. Except as heretofore specifically admitted, Defendant generally and specifically

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

2073260.3

1    denies each and every allegation contained within the paragraph.

2        80.    In answer to paragraph 80 of the SAC, Defendant is without sufficient

3    knowledge or information to form a belief as to the truth of the allegations contained

4    therein and on that basis denies those allegations.

5        81.    In answer to paragraph 81 of the SAC: Defendant admits that, on or

6    about October 7, 2011, Gloria McNeill wrote an email to Relator, Rick Vance, and

7    Shannon Truesdell entitled "Recent Development".  Defendant admits that such

8    email contains the language quoted in paragraph 81 and refers the Court to that

9    document for a full and complete reading of its content.  Except as heretofore

10   specifically admitted, Defendant generally and specifically denies each and every

11   allegation contained within the paragraph.

12       82.    In answer to paragraph 82 of the SAC: Defendant generally and

13   specifically denies each and every allegation contained within the first sentence of

14   the paragraph.  Defendant lacks information or belief sufficient to admit or deny all

15   the remaining allegations in paragraph 82 and upon that basis, denies all such

16   allegations.

17       83.    In answer to paragraph 83 of the SAC: Defendant admits that there

18   exists an email dated November 29, 2011 addressed from Vickie Bomar to Relator

19   titled "Dr. turning over chemo infusions to RN"; that there exists an email from

20   Relator dated November 29, 2011 forwarding Vickie Bomar's e-mail to Shannon

21   Truesdell, Gloria McNeill, and Rick Vance; and that there exists an email reply to

22   Relator's e-mail from Shannon Truesdell dated November 29, 2011.  Defendant

23   admits that such emails contain the language quoted in paragraph 83 and refers the

24   Court to those documents for a full and complete reading of their contents.

25       84.    In answer to paragraph 84 of the SAC, Defendant lacks information or

26   belief sufficient to admit or deny the allegations in paragraph 84 and upon that basis,

27   denies all such allegations.

28       85.    In answer to paragraph 85 of the SAC: Defendant admits that there

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1  exists a December 6, 2011 email addressed from Colleen Leger to Shannon

2  Truesdell.  Defendant denies that such email concerns any illegal activity and denies

3  that such email asserts or documents that services were provided without adequate

4  physician supervision where the email reports that patient treatments were delayed

5  or rescheduled to assure adequate physician supervision.  Defendant admits that

6  such email contains the language quoted in paragraph 85 and refers the Court to that

7  document for a full and complete reading of its contents.  Except as heretofore

8  specifically admitted, Defendant is without sufficient knowledge or information to

9  form a belief as to the truth of the allegations contained therein and on that basis

10  denies those allegations.

11       86.    In answer to paragraph 86 of the SAC: Defendant admits that there

12  exists an email dated December 6, 2011 containing the language quoted in

13  paragraph 86, but denies that such an email was written or sent by Relator, and

14  Defendant refers the Court to that document for a full and complete reading of its

15  contents.  Except as heretofore specifically admitted, Defendant generally and

16  specifically denies each and every allegation contained within the paragraph.

17       87.    In answer to paragraph 87 of the SAC: Defendant admits that there

18  exist internal Leader Rounding on Staff Logs for the weeks of December 1, 2011

19  and December 8, 2011 that contain the language quoted in paragraph 87 with some

20  alterations and refers the Court to those documents for an accurate, full, and

21  complete reading of their contents.  Except as heretofore specifically admitted,

22  Defendant lacks information or belief sufficient to admit or deny the remaining

23  allegations in paragraph 87 and upon that basis, denies all such allegations.

24       88.    In answer to paragraph 88 of the SAC: Defendant admits that Relator

25  met with Shannon Truesdell on or about December 8, 2011 and discussed Relator's

26  termination or resignation.  Except as heretofore specifically admitted, Defendant

27  generally and specifically denies each and every allegation in the paragraph.

28       89.    In answer to paragraph 89 of the SAC: Defendant admits that Relator

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

replied to Shannon Truesdell in an email string entitled "Dr. turning over chemo infusions to RN" on or about December 9, 2011.  Defendant admits that such email reply contains the language quoted in paragraph 89 with some alterations and respectfully refers the Court to that document for an accurate, full and complete reading of its content.  Except as heretofore specifically admitted, Defendant generally and specifically denies each and every allegation in the paragraph.

90.     In answer to paragraph 90 of the SAC, Defendant lacks information or belief sufficient to admit or deny the allegations in paragraph 90 and upon that basis, denies all such allegations.

91.     In answer to paragraph 91 of the SAC, Defendant lacks information or belief sufficient to admit or deny the allegations in paragraph 91 and upon that basis, denies all such allegations.

92.     In answer to paragraph 92 of the SAC, Defendant generally and specifically denies each and every allegation in the paragraph.

93.     In answer to paragraph 93 of the SAC, Defendant lacks information or belief sufficient to admit or deny the allegations in paragraph 93 and upon that basis, denies all such allegations.

94.     In answer to paragraph 94 of the SAC, Defendant lacks information or belief sufficient to admit or deny the allegations in paragraph 94 and upon that basis, denies all such allegations.

95.     In answer to paragraph 95 of the SAC: Defendant admits that a team of pharmacists and pharmacy technicians, including Dr. Robert DiPonti and Arthur Gonzalez, rotated through the oncology infusion center from approximately August 8, 2011 through August 18, 2011 and that the pharmacy subsequently issued "Pharmacy Findings and Recommendations" on or about September 28, 2011.  Defendant admits that the "Pharmacy Findings and Recommendations" contains the language quoted in paragraph 96 and respectfully refers the Court to that document for a full and complete reading of its content.  Defendant denies that the Pharmacy

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1  Findings and Recommendations include any determination with regard to the

2  legality of conduct or the interpretation and applicability of regulations.  Except as

3  heretofore specifically admitted, Defendant lacks information or belief sufficient to

4  admit or deny the allegations in paragraph 95 and upon that basis, denies all such

5  allegations.

6      96.   In answer to paragraph 96 of the SAC, Defendant lacks information or

7  belief sufficient to admit or deny the allegations in paragraph 96 and upon that basis,

8  denies all such allegations.

9      97.   In answer to paragraph 97 of the SAC, Defendant lacks information or

10 belief sufficient to admit or deny the allegations in paragraph 97 and upon that basis,

11 denies all such allegations.

12     98.   In answer to paragraph 98 of the SAC, Defendant lacks information or

13 belief sufficient to admit or deny the allegations in paragraph 98 and upon that basis,

14 denies all such allegations.

15     99.   In answer to paragraph 99 of the SAC: Defendant admits that on or

16 about November 28, 2011, Dr. Soe, Dr. Tsai, Rick Vance, and Melanie Hadsell

17 participated in a meeting and that billing for blood transfusions in the hospital was

18 discussed at such meeting.  Defendant denies that the meeting was a Marshall

19 Hematology Oncology Infusion Center management meeting.  Except as heretofore

20 specifically admitted, Defendant generally and specifically denies each and every

21 allegation in the paragraph.

22     100.  In answer to paragraph 100 of the SAC: Defendant admits that at such

23 November 28, 2011 meeting, participants discussed situations where Dr. Soe saw a

24 patient during an office visit and then referred the patient to the hospital for a blood

25 transfusion.  Except as heretofore specifically admitted, Defendant generally and

26 specifically denies each and every allegation in the paragraph.

27     101.  In response to paragraph 101 of the SAC: Defendant admits that the

28 meeting minutes for such November 28, 2011 meeting reflect the statements from

19

1  Dr. Soe paraphrased in the second sentence of paragraph 101 and respectfully refers

2  the Court to that document for an full and complete reading of its content.  Except as

3  heretofore specifically admitted, on information and belief, Defendant generally and

4  specifically denies each and every allegation in the paragraph.

5         102.   In response to paragraph 102 of the SAC, on information and belief,

6  Defendant generally and specifically denies each and every allegation in the

7  paragraph.

8         103.   In response to paragraph 103 of the SAC: Defendant admits that no

9  refund for the use of CPT codes 99214 and 99215 in the situations alleged in

10 paragraphs 99 through 102 had occurred at the time of the filing of Relator's initial

11 complaint.  Except as heretofore specifically admitted, Defendant generally and

12 specifically denies each and every allegation in the paragraph.

13        104.   In response to paragraph 104 of the SAC, Defendant lacks information

14 or belief sufficient to admit or deny the allegations contained therein and upon that

15 basis, denies all such allegations.

16        105.   In response to paragraph 105 of the SAC: Defendant admits that patient

17 J.M. received chemotherapy and an infusion of Zometa on or about August 25,

18 2011.  Except as heretofore specifically admitted, Defendant lacks information or

19 belief sufficient to admit or deny the allegations in the paragraph and upon that

20 basis, denies all such allegations.

21        106.   In response to paragraph 106 of the SAC: Defendant admits that patient

22 D.B. received an infusion at the Clinic on or about December 6, 2011.  Except as

23 heretofore specifically admitted, Defendant lacks information or belief sufficient to

24 admit or deny the allegations in the paragraph and upon that basis, denies all such

25 allegations.

26        107.   In response to paragraph 107 of the SAC, Defendant generally and

27 specifically denies each and every allegation in the paragraph.

28        108.   In response to paragraph 108 of the SAC: Defendant admits the

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1  allegation in the first sentence of paragraph 108 and admits that Rituxan is billed in

2  100-mg units under Healthcare Common Procedure Coding System ("HCPCS")

3  code J9310.  Except as heretofore specifically admitted, Defendant lacks

4  information or belief sufficient to admit or deny the allegations in the paragraph and

5  upon that basis, denies all such allegations.

6      109.   In response to paragraph 109 of the SAC: Defendant admits the

7  allegation in the first sentence of paragraph 109.  Except as heretofore specifically

8  admitted, Defendant lacks information or belief sufficient to admit or deny the

9  allegations in the paragraph and upon that basis, denies all such allegations.

10      110.   In response to paragraph 110 of the SAC: Defendant admits the

11  allegation in the first sentence of paragraph 110.  Except as heretofore specifically

12  admitted, Defendant lacks information or belief sufficient to admit or deny the

13  allegations in the paragraph and upon that basis, denies all such allegations.

14      111.   In response to paragraph 111 of the SAC: Defendant admits the

15  allegation in the first sentence of paragraph 111.  Except as heretofore specifically

16  admitted, Defendant lacks information or belief sufficient to admit or deny the

17  allegations in the paragraph and upon that basis, denies all such allegations.

18      112.   In response to paragraph 112 of the SAC: Defendant admits the

19  allegation in the first sentence of paragraph 112.  Except as heretofore specifically

20  admitted, Defendant lacks information or belief sufficient to admit or deny the

21  allegations in the paragraph and upon that basis, denies all such allegations.

22      113.   In response to paragraph 113 of the SAC: Defendant admits the

23  allegation in the first sentence of paragraph 113.  Except as heretofore specifically

24  admitted, Defendant lacks information or belief sufficient to admit or deny the

25  allegations in the paragraph and upon that basis, denies all such allegations.

26      114.   In response to paragraph 114 of the SAC: on information and belief,

27  Defendant admits the allegation that patient M.E. was given 13 mg of Avastin from

28  one or more 100-mg vials and 475 mg from one or more 400-mg vials.  Except as

heretofore specifically admitted, Defendant lacks information or belief sufficient to admit or deny the allegations in the paragraph and upon that basis, denies all such allegations.

115. In response to paragraph 115 of the SAC: on information and belief, Defendant admits the allegation that patient A.F. was given 200 mg of Avastin from two or more 100-mg vials, 275 mg from one or more 100-mg vials, and 295 mg from one or more 400-mg vials. Except as heretofore specifically admitted, Defendant lacks information or belief sufficient to admit or deny the allegations in the paragraph and upon that basis, denies all such allegations.

116. In response to paragraph 116 of the SAC: on information and belief, Defendant admits the allegation that patient J.S. was given 230 mg of Cytoxan from one or more 500-mg vials and 1120 mg from one or more 500-mg vials. Except as heretofore specifically admitted, Defendant lacks information or belief sufficient to admit or deny the allegations in the paragraph and upon that basis, denies all such allegations.

117. In response to paragraph 117 of the SAC: Defendant generally and specifically denies each and every allegation in the paragraph.

## COUNT I

### False Claims Act 31 U.S.C. § 3729(a)(1)(a)

118. In answer to paragraph 118 of the SAC, Defendant realleges and incorporates by reference the allegations contained in the foregoing paragraphs of this Answer.

119. Defendant generally and specifically denies each and every allegation contained in paragraph 119 of the SAC.

## COUNT II

### False Claims Act 31 U.S.C. § 3729(a)(1)(b)

120. In answer to paragraph 120 of the SAC, Defendant realleges and incorporates by reference the allegations contained in the foregoing paragraphs of

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1  this Answer.

2  121.   Defendant generally and specifically denies each and every allegation

3  contained in paragraph 121 of the SAC.

4  <u>**COUNT III**</u>

5  <u>**False Claims Act 31 U.S.C. § 3729(a)(1)(c)**</u>

6  122.   In answer to paragraph 122 of the SAC, Defendant realleges and

7  incorporates by reference the allegations contained in the foregoing paragraphs of

8  this Answer.

9  123.   Defendant generally and specifically denies each and every allegation

10 contained in paragraph 123 of the SAC.

11 <u>**COUNT IV**</u>

12 <u>**California False Claims Act, Cal. Gov. Code § 12651(a)(1)**</u>

13 124.   In answer to paragraph 124 of the SAC, Defendant realleges and

14 incorporates by reference the allegations contained in the foregoing paragraphs of

15 this Answer.

16 125.   Defendant generally and specifically denies each and every allegation

17 contained in paragraph 125 of the SAC.

18 <u>**COUNT V**</u>

19 <u>**California False Claims Act, Cal. Gov. Code § 12651(a)(2)**</u>

20 126.   In answer to paragraph 126 of the SAC, Defendant realleges and

21 incorporates by reference the allegations contained in the foregoing paragraphs of

22 this Answer.

23 127.   Defendant generally and specifically denies each and every allegation

24 contained in paragraph 127 of the SAC.

25 <u>**COUNT VI**</u>

26 <u>**California False Claims Act, Cal. Gov. Code § 12651(a)(3)**</u>

27 128.   In answer to paragraph 128 of the SAC, Defendant realleges and

28 incorporates by reference the allegations contained in the foregoing paragraphs of

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1   this Answer.

2   129.   Defendant generally and specifically denies each and every allegation

3   contained in paragraph 129 of the SAC.

4   ## COUNT VII

5   ## False Claims Act, Wrongful Termination for Relator, 31 U.S.C. § 3730(h)

6   130.   In answer to paragraph 130 of the SAC, Defendant realleges and

7   incorporates by reference the allegations contained in the foregoing paragraphs of

8   this Answer.

9   131.   Defendant generally and specifically denies each and every allegation

10  contained in paragraph 131 of the SAC.

11  132.   Defendant generally and specifically denies each and every allegation

12  contained in paragraph 132 of the SAC.

13  133.   Defendant generally and specifically denies each and every allegation

14  contained in paragraph 133 of the SAC.

15  134.   Defendant generally and specifically denies each and every allegation

16  contained in paragraph 134 of the SAC.

17  135.   Defendant generally and specifically denies each and every allegation

18  contained in paragraph 135 of the SAC.

19  ## COUNT VIII

20  ## California False Claims Act, Wrongful Termination for Relator, Cal. Gov. Code § 12653

21
22  136.   In answer to paragraph 136 of the SAC, Defendant realleges and

23  incorporates by reference the allegations contained in the foregoing paragraphs of

     this Answer.

24  137.   Defendant generally and specifically denies each and every allegation

25  contained in paragraph 137 of the SAC.

26  138.   Defendant generally and specifically denies each and every allegation

27  contained in paragraph 138 of the SAC.

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

2073260.3

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1    139.   Defendant generally and specifically denies each and every allegation
2  contained in paragraph 139 of the SAC.

3    140.   Defendant generally and specifically denies each and every allegation
4  contained in paragraph 140 of the SAC.

5    141.   Defendant generally and specifically denies each and every allegation
6  contained in paragraph 141 of the SAC.

**COUNT IX**

**Wrongful Termination, Cal. Labor Code § 1102.5**

142.   In answer to paragraph 142 of the SAC, Defendant realleges and incorporates by reference the allegations contained in the foregoing paragraphs of this Answer.

143.   Defendant generally and specifically denies each and every allegation contained in paragraph 143 of the SAC.

144.   Defendant generally and specifically denies each and every allegation contained in paragraph 144 of the SAC.

145.   Defendant generally and specifically denies each and every allegation contained in paragraph 145 of the SAC.

146.   Defendant generally and specifically denies each and every allegation contained in paragraph 146 of the SAC.

147.   Defendant generally and specifically denies each and every allegation contained in paragraph 147 of the SAC.

148.   Defendant generally and specifically denies each and every allegation contained in paragraph 148 of the SAC.

**COUNT X**

**Wrongful Termination, Cal. Health & Safety Code § 1278.5**

149.   In answer to paragraph 149 of the SAC, Defendant realleges and incorporates by reference the allegations contained in the foregoing paragraphs of this Answer.

2073260.3

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

150.   Defendant generally and specifically denies each and every allegation contained in paragraph 150 of the SAC.

151.   Defendant generally and specifically denies each and every allegation contained in paragraph 151 of the SAC.

152.   Defendant generally and specifically denies each and every allegation contained in paragraph 152 of the SAC.

153.   Defendant generally and specifically denies each and every allegation contained in paragraph 153 of the SAC.

154.   Defendant generally and specifically denies each and every allegation contained in paragraph 154 of the SAC.

## PRAYER FOR RELIEF

Paragraphs 1 through 11 of the SAC Prayer contain no factual allegations to admit or deny.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

### (Failure to State a Claim)

Relator fails to state a claim against Defendant upon which relief may be granted, and the SAC should be dismissed.

### Second Affirmative Defense

### (Public Disclosure Bar)

The Court lacks subject matter jurisdiction over this action under, or alternatively Relator's claims are barred in whole or in part by, the Public Disclosure Bar. *See* 31 U.S.C. § 3730(e)(4).

### Third Affirmative Defense

### (Authorized by Law)

Relator's claims are barred in whole or in part because Defendant's conduct

2073260.3

1   was in compliance with, or authorized by, laws or regulations administered by a

2   regulatory body or officer acting under state or federal statutory authority.

3   **Fourth Affirmative Defense**

4   **(Repayment of Overpayments)**

5       Defendant alleges that it repaid potential overpayments in full upon

6   discovering and investigating any billing anomalies relating to physician supervision

7   at the Clinic and/or hospital transfusions for Clinic patients.

8   **Fifth Affirmative Defense**

9   **(Unclean Hands)**

10      Relator's claims are barred in whole or in part by the doctrine of unclean

11  hands.

12  **Sixth Affirmative Defense**

13  **(No Retaliation)**

14      Relator's claims under 31 U.S.C. § 3730(h) fail in whole or in part because

15  Defendant did not take any retaliatory action against Relator where Defendant's

16  actions were motivated by legitimate business reasons.

17  **Seventh Affirmative Defense**

18  **(Right to Assert Further Affirmative Defenses)**

19      Defendant presently lacks sufficient knowledge or information on which to

20  form a belief as to whether it might have additional and as yet unstated affirmative

21  defenses and therefore reserves the right to assert additional affirmative defenses in

22  the event further discovery and/or investigation indicates that such affirmative

23  defenses would be warranted.

24

25  **DEMAND FOR JURY TRIAL**

26      Defendant hereby preserves its right to request a jury trial on all disputed

27  issues of fact.

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

2073260.3

## **PRAYER FOR RELIEF**

Wherefore, Defendant prays for judgment as follows:

1.      The SAC be denied and dismissed with prejudice;

2.      That Plaintiffs and Relator take nothing from this proceeding;

3.      That Defendant recovers costs and attorneys' fees in this proceeding; and

4.      That the Court provide Defendant any other relief the Court deems just and proper.

DATED:  May 29, 2015                    HOOPER, LUNDY & BOOKMAN, P.C.


By:  _____/s/ Patric Hooper_____
                    PATRIC HOOPER
Attorneys for Marshall Medical Center and
Marshall Foundation for Community Health

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

Defendant Marshall's Answer to the Second Amended Complaint

2073260.3

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 1875 Century Park East, Suite 1600, Los Angeles, CA 90067-2517.

On May 29, 2015, I served true copies of the following document(s) described as **DEFENDANT MARSHALL MEDICAL CENTER'S ANSWER TO THE SECOND AMENDED COMPLAINT** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

**BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 29, 2015, at Los Angeles, California.

Patti Newler

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL. (310) 551-8111 • FAX (310) 551-8181

2073260.3

Defendant Marshall's Answer to the Second Amended Complaint

**SERVICE LIST**
**COLLEEN HERREN V. MARSHALL MEDICAL CENTER, et al**
**CASE NO. 2:12-CV-0098 JAM-KJN**

| | |
|---|---|
| George F. Allen, Esq.<br>**George F. Allen**<br>1903 21st Street<br>Sacramento, CA 95811<br>Tel. (916) 444-8765<br>Fax. (916) 44-1983<br>Email: looga@looga.com<br>*Attorneys for Colleen Herren* | Paul C. Cook, Esq.<br>Louisa O. Kirakosian, Esq.<br>Loren Jacobson, PHV<br>**Water Kraus & Paul**<br>222 N. Sepulveda Blvd., Suite 1900<br>El Segundo, CA 90245<br>Tel: (310) 414-8146<br>Fax: (310) 414-8156<br>Email: pcook@waterskraus.com,<br>lkirakosian@waterskraus.com,<br>ljacobson@waterskraus.com,<br>cbothwell@waterskraus.com,<br>vcox-kahey@waterskraus.com<br>*Attorneys for Colleen Herren* |
| Brian J. Markovitz, Esq.<br>Matthew M. Bryant, Esq.<br>Matthew E. Kreiser, Esq.<br>**Joseph, Greenwald & Laake, P.A.**<br>6404 Ivy Lane, Suite 400<br>Greenbelt, MD 20770<br>Tel. (301) 220-2200<br>Fax. (301) 220-1214<br>Email: bmarkovitz@jgllaw.com,<br>mbryant@jgllaw.com,<br>gchandler@jgllaw.com,<br>mkreiser@jgllaw.com<br>*Pro Hac Vice*<br>*Attorneys for Colleen Herren* | Kurt Alexander Didier, Esq.<br>Catherine J. Swann, Esq.<br>**U.S. Attorney's Office**<br>501 I Street, Suite 10-100<br>Sacramento, CA 95814<br>Tel: (916) 554-2750<br>Fax: ( 916) 554-2900<br>Email: kurt.dider@usdoj.gov,<br>catherine.swann@usdoj.gov,<br>deb.duckett@udoj.gov,<br>janet.bain@usdoj.gov,<br>cassie.christensen@usdoj.gov,<br>dominique.williams2@usdoj.gov,<br>kimberly.siegfried@usdoj.gov,<br>monica.lee@usdoj.gov,<br>usacae.ecfsaccv@usdoj.gov<br>*Attorneys for United States of America* |
| Saralyn M. Ang-Olson, Esq.<br>**Office of the California Attorney General**<br>1425 River Park Drive, Suite 300<br>Sacramento, CA 95815<br>Tel. (916) 263-0402<br>Email: saralyn.angolson@doj.ca.gov<br>*Attorneys for State of California* | Kathryn E. Doi, Esq.<br>**Hanson Bridgett LLP**<br>500 Capitol Mall, Suite 1500<br>Sacramento, CA 95814<br>Tel: (916) 442-3333<br>Email: kdoi@hansonbridgett.com,<br>bstern@hansonbridgett.com,<br>calendarclerk@hansonbridgett.com,<br>dskarloken@hansonbridgett.com<br>*Attorneys for El Dorado Hematology & Medical Oncology II, Inc.* |

HOOPER, LUNDY & BOOKMAN, P.C.<br>1875 CENTURY PARK EAST, SUITE 1600<br>LOS ANGELES, CALIFORNIA 90067-2517<br>TEL.: (310) 551-8111 • FAX: (310) 551-8181

2073260.3