1 | HANSON BRIDGETT LLP
KATHRYN E. DOI, SBN 121979
2 | kdoi@hansonbridgett.com
500 Capitol Mall, Suite 1500
3 | Sacramento, California 95814
Telephone:   (916) 442-3333
4 | Facsimile:   (916) 442-2348

5 | Attorneys for Defendants, El Dorado
Hematology & Medical Oncology II, Inc., Dr.
6 | Lin H. Soe and Dr. Tsuong Tsai

7

8 | **UNITED STATES DISTRICT COURT**

9 | **EASTERN DISTRICT OF CALIFORNIA**

10 | **SACRAMENTO DIVISION**

11

12 | UNITED STATES OF AMERICA, and the
STATE OF CALIFORNIA *ex rel.*
13 | COLLEEN HERREN,

    CASE NO. 2:12-CV-00098 JAM-KJN

Pursuant to 31 U.S.C. § 3730
(False Claims Act) and
California Government Code
§ 12650 et seq. (California False Claims
Act)

14 |     Plaintiffs,

15 |     v.

16 | MARSHALL MEDICAL CENTER, *et al.*,

17 |     Defendants.

**DEFENDANTS EL DORADO
HEMATOLOGY & MEDICAL
ONCOLOGY II, INC., DR. LIN H. SOE
AND DR. TSUONG TSAI'S ANSWER TO
SECOND AMENDED COMPLAINT**

18

19

20 |     Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendants El

21 | Dorado Hematology & Medical Oncology II, Inc., Dr. Lin H. Soe and Dr. Tsuong Tsai

22 | ("Defendants") answer the Second Amended Complaint ("Complaint") of Plaintiff

23 | ("Plaintiff").  If an averment is not specifically admitted, it is hereby denied.

24 |     **<u>ANSWER TO COMPLAINT</u>**

25 |     1.    Defendants admit that Plaintiff purports to have brought this action as

26 | described in paragraph 1 of the Complaint, but deny that there is any basis for the action

27 | or the remedies sought by Plaintiff.  Except as heretofore specifically admitted,

28 | Defendants generally and specifically deny each and every allegation contained in

- 1 -    DEFS' ANSWER TO SECOND AMENDED
COMPLAINT

1   paragraph 1 of the Complaint.

2        2.      Defendants generally and specifically deny each and every allegation

3   contained in paragraph 2 of the Complaint.

4        3.      Defendants generally and specifically deny each and every allegation

5   contained in paragraph 3 of the Complaint.

6        4.      Defendants admit that Plaintiff formerly held the position of Clinical Nursing

7   Director for Specialty Clinics for Marshall Medical Center.  Except as so admitted,

8   Defendants generally and specifically deny each and every remaining allegation

9   contained in paragraph 4 of the Complaint.

10       5.      Defendants admit that Plaintiff is bringing this action as a qui tam action as

11  described in paragraph 5 of the Complaint, but deny that there is any basis for a qui tam

12  action or the remedies sought by Plaintiff.  Defendants deny that they were engaged in

13  illegal practices or were not in compliance with the billing and safety requirements of the

14  Government Health Care Programs, as alleged in the Complaint.  Defendants are

15  otherwise without sufficient information to form a belief as to the reasons why Plaintiff

16  was terminated from employment by Defendant Marshall Medical Center and generally

17  and specifically deny these and the remaining allegations of paragraph 5 of the

18  Complaint.

19                          **JURISDICTION AND VENUE**

20       6.      To the extent the allegations call for a legal conclusion, the allegations do

21  not require an answer.  Defendants otherwise generally and specifically deny each and

22  every allegation contained within paragraph 6 of the Complaint.

23       7.      Defendants admit that venue is proper in this District.  To the extent the

24  allegations call for a legal conclusion, the allegations do not require an answer.  Except

25  as heretofore specifically admitted, Defendants generally and specifically deny each and

26  every allegation contained within paragraph 7 of the Complaint.

27  / / /

28  / / /

1

**THE PARTIES**

2   8.  Defendants admit that Plaintiff purports to bring this action on behalf of the

3 United States of America and the State of California, but deny the allegations contained

4 in paragraph 8 of the Complaint to the extent that the United States of America and the

5 State of California have declined to intervene in this action.

6   9.  Defendants admit that Plaintiff was hired in or around June 2010 as the

7 Clinical Nursing Director for Specialty Clinics for Defendant Marshall Medical Center.

8 Defendants are without sufficient information to form a belief as to the truth of the

9 remaining allegations of paragraph 9 of the Complaint, and on that basis generally and

10 specifically deny the remaining allegations of paragraph 9 of the Complaint.

11   10.  Defendants admit that Defendant Marshall Medical Center operates an

12 outpatient Hematology/Oncology clinic located at 3102 Ponte Merino Drive, Suite 100,

13 Cameron Park, California.  Defendants admit that Defendant Marshall Medical Center

14 bills to the Medicare, Medi-Cal, and TRICARE/CHAMPUS programs for services

15 provided at the Clinic.  Except as heretofore specifically admitted, Defendants are without

16 sufficient information to form a belief as to the truth of the allegations of paragraph 10 of

17 the Complaint, and on that basis generally and specifically deny the remaining allegations

18 of paragraph 10 of the Complaint.

19   11.  Paragraph 11 of the Complaint contains allegations relating to the Marshall

20 Foundation for Community Health.  Since the allegations and claims against Marshall

21 Foundation for Community Health have been dismissed, the allegations in paragraph 11

22 do not require an answer.  To the extent that an answer is deemed necessary,

23 Defendants are without sufficient information to form a belief as to the truth of the

24 remaining allegations contained in paragraph 11 of the Complaint and on that basis,

25 generally and specifically deny all such allegations.

26   12.  Defendants admit the allegations contained in paragraph 12 of the

27 Complaint.

28 / / /

1    13.    Defendants admit that Drs. Soe and Tsai founded El Dorado Hematology

2  and Medical Oncology, a Medical Corporation, in 2001.  Defendants further admit that

3  Drs. Soe and Tsai have clinical privileges at Defendant Marshall Medical Center.

4  Defendants admit that Drs. Soe and Tsai are not employees of Defendant Marshall

5  Medical Center.  Defendants admit that Drs. Soe and Tsai have provided hematology and

6  oncology professional services through their medical group's Professional Services

7  Agreement with Defendant Marshall Medical Center since 2007.  Except as so admitted,

8  Defendants generally and specifically deny the allegations contained in paragraph 13 of

9  the Complaint.

10    14.    The allegations contained in paragraph 14 of the Complaint purport to

11  describe or recite the law, and therefore do not require an answer.

12    15.    The allegations contained in paragraph 15 of the Complaint purport to

13  describe or recite the law, and therefore do not require an answer.

14    16.    The allegations contained in paragraph 16 of the Complaint call for a legal

15  conclusion or purport to describe or recite the law, and therefore do not require an

16  answer.

17    17.    The allegations contained in paragraph 17 of the Complaint purport to

18  describe or recite the law, and therefore do not require an answer.

19    18.    The allegations contained in paragraph 18 of the Complaint purport to

20  describe or recite the law, and therefore do not require an answer.

21    19.    The allegations contained in paragraph 19 of the Complaint purport to

22  describe or recite the law, and therefore do not require an answer.

23    20.    The allegations contained in paragraph 20 of the Complaint purport to

24  describe or recite the law, and therefore do not require an answer.

25    21.    The allegations contained in paragraph 21 of the Complaint purport to

26  describe or recite the law, and therefore do not require an answer.

27    22.    The allegations contained in paragraph 22 of the Complaint purport to

28  describe or recite the law, and therefore do not require an answer.

23.    The allegations contained in paragraph 23 of the Complaint purport to describe or recite the law, and therefore do not require an answer.  To the extent an answer is required, Defendants deny each and every allegation contained in paragraph 23.

24.    The allegations contained in paragraph 24 of the Complaint call for a legal conclusion or purport to describe or recite the law, and therefore do not require an answer.  To the extent an answer is required, Defendants deny each and every allegation contained in paragraph 24.

25.    The allegations contained in paragraph 25 of the Complaint purport to describe or recite the law, and therefore do not require an answer.  To the extent an answer is required, Defendants deny each and every allegation contained in paragraph 25.

26.    The allegations contained in paragraph 26 of the Complaint call for a legal conclusion or purport to describe or recite the law, and therefore do not require an answer.  To the extent an answer is required, Defendants deny each and every allegation contained in paragraph 26.

27.    The allegations contained in paragraph 27 of the Complaint call for a legal conclusion or purport to describe or recite the law, and therefore do not require an answer.  To the extent an answer is required, Defendants deny each and every allegation contained in paragraph 27.

28.    The allegations contained in paragraph 28 of the Complaint purport to describe or recite the law, and therefore do not require an answer.

29.    The allegations contained in paragraph 29 of the Complaint purport to describe and recite the policies and practices of a government agency and therefore do not require an answer.  To the extent an answer is required, Defendants deny each and every allegation contained in paragraph 29.

30.    The allegations contained in paragraph 30 of the Complaint purport to describe and recite the policies and practices of a government agency and its agents and

1  therefore do not require an answer.  To the extent an answer is required, Defendants

2  deny each and every allegation contained in paragraph 30.

3      31.    The allegations contained in paragraph 31 of the Complaint call for a legal

4  conclusion or purport to describe or recite the law, and therefore do not require an

5  answer.  To the extent an answer is required, Defendants deny each and every allegation

6  contained in paragraph 31.

7      32.    The allegations contained in paragraph 32 of the Complaint purport to

8  describe and recite the policies and practices of a government agency and its agents and

9  call for a legal conclusion or purport to describe or recite the law, and therefore do not

10 require an answer.  To the extent an answer is required, Defendants deny each and

11 every allegation contained in paragraph 32.

12     33.    The allegations contained in paragraph 33 of the Complaint purport to

13 describe and recite the policies and practices of a government agency and its agents and

14 call for a legal conclusion or purport to describe or recite the law, and therefore do not

15 require an answer.  To the extent an answer is required, Defendants deny each and

16 every allegation contained in paragraph 33.

17     34.    The allegations contained in paragraph 34 of the Complaint purport to

18 describe and recite the policies and practices of a government agency and its agents and

19 call for a legal conclusion or purport to describe or recite the law, and therefore do not

20 require an answer.

21     35.    The allegations contained in paragraph 35 of the Complaint purport to

22 describe and recite the policies and practices of a government agency and its agents and

23 call for a legal conclusion or purport to describe or recite the law, and therefore do not

24 require an answer.  To the extent an answer is required, Defendants deny each and

25 every allegation contained in paragraph 35.

26     36.    The allegations contained in paragraph 36 of the Complaint purport to

27 describe and recite the policies and practices of a government agency and its agents and

28 call for a legal conclusion or purport to describe or recite the law, and therefore do not

1   require an answer.  To the extent an answer is required, Defendants deny each and

2   every allegation contained in paragraph 36.

3        37.    The allegations contained in paragraph 37 purport to describe and recite

4   the policies and practices of a government agency and its agents and call for a legal

5   conclusion or purport to describe or recite the law, and therefore do not require an

6   answer.  To the extent an answer is required, Defendants deny each and every allegation

7   contained in paragraph 37.

8        38.    The allegations contained in paragraph 38 of the Complaint purport to

9   describe and recite the policies and practices of a government agency and its agents and

10  call for a legal conclusion or purport to describe or recite the law, and therefore do not

11  require an answer.  To the extent an answer is required, Defendants deny each and

12  every allegation contained in paragraph 38.

13       39.    The allegations contained in paragraph 39 of the Complaint purport to

14  describe or recite the law, and therefore do not require an answer.

15       40.    The allegations contained in paragraph 40 of the Complaint purport to

16  describe or recite the law, and therefore do not require an answer.

17       41.    The allegations contained in paragraph 41 of the Complaint purport to

18  describe or recite the law, and therefore do not require an answer.

19       42.    The allegations contained in paragraph 42 of the Complaint purport to

20  describe or recite the law, and therefore do not require an answer.

21       43.    The allegations contained in paragraph 43 of the Complaint purport to

22  describe or recite the law, and therefore do not require an answer.

23       44.    The allegations contained in paragraph 44 of the Complaint purport to

24  describe or recite the law, and therefore do not require an answer.

25       45.    The allegations contained in paragraph 45 of the Complaint purport to

26  describe or recite the law, and therefore do not require an answer.

27       46.    The allegations contained in paragraph 46 of the Complaint purport to

28  describe or recite the law, and therefore do not require an answer.

47.   The allegations contained in paragraph 47 of the Complaint purport to describe or recite the law, and therefore do not require an answer.

48.   The allegations contained in paragraph 48 of the Complaint purport to describe or recite the law, and therefore do not require an answer.

49.   The allegations contained in paragraph 49 of the Complaint call for a legal conclusion or purport to describe or recite the law, and therefore do not require an answer.  To the extent an answer is required, Defendants deny each and every allegation contained in paragraph 49.

50.   The allegations contained in paragraph 50 of the Complaint call for a legal conclusion or purport to describe or recite the law, and therefore do not require an answer.

51.   Defendants are without sufficient information to form a belief as to the truth of the allegations contained in paragraph 51 of the Complaint and on that basis generally and specifically deny each of the allegations contained therein.

52.   The allegations contained in paragraph 52 of the Complaint call for a legal conclusion or purport to describe or recite the law, and therefore do not require an answer.

53.   Defendants are without sufficient information to form a belief as to the truth of the allegations contained in paragraph 53 and its subparts and on that basis generally and specifically deny each of the allegations contained therein..

54.   Defendants admit the allegations contained in paragraph 54 of the Complaint.

55.   Defendants generally and specifically deny each and every allegation contained in paragraph 55 of the Complaint, including the allegations contained in footnote 1 of the Complaint.

56.   Defendants admit that in 2007, El Dorado I was dissolved and Defendants Soe and Tsai created El Dorado II.  Defendants further admit that El Dorado II entered into a Professional Services Agreement with Defendant Marshall Medical Center in 2007.

Defendants further admit that Defendants Soe and Tsai obtained physician privileges at Defendant Marshall Medical Center and began to provide hematology and oncology services for Defendant Marshall Medical Center at its Cameron Park, California facility in 2007. Except as heretofore specifically admitted, Defendants generally and specifically deny each and every allegation contained within paragraph 56 of the Complaint.

57.     Defendants generally and specifically deny each and every allegation contained in paragraph 57 of the Complaint.

58.     Defendants generally and specifically deny each and every allegation contained in paragraph 58 of the Complaint.

59.     Defendants generally and specifically deny each and every allegation contained in paragraph 59 of the Complaint.

60.     Defendants generally and specifically deny each and every allegation contained in paragraph 60 of the Complaint.

61.     Defendants generally and specifically deny each and every allegation contained in paragraph 61 of the Complaint.

62.     Defendants admit that they were concerned about the frequency of errors in aspects of chemotherapy administration at the Marshall Oncology infusion room in Cameron Park, which was under the supervision of Plaintiff. Defendants admit that they authored a memo bearing the date May 2010 to Rick Vance, as quoted in part paragraph 62 of the Complaint, with the exception of the bracketed portions added by Plaintiff's counsel, although the date of the memo is a typographical error and should read May 2011. Defendants deny that any threat to patient safety and health was due to a lack of physician supervision or any other conduct of Defendants, but was rather due to the inadequate and/or incompetent supervision of the nursing staff by Plaintiff and/or the inadequate or incompetent effort to hire qualified and experienced nursing staff by Plaintiff. Except as heretofore specifically admitted, Defendants generally and specifically deny each and every allegation contained within paragraph 62 of the Complaint.

63.     Defendants admit that they authored a memo dated July 2011, as selectively quoted in part in paragraph 63 of the Complaint.

64.     Defendants admit that Plaintiff began employment at Marshall Medical Center in or around June 2010.  Defendants are without sufficient information to form a belief as to the truth of the allegations about what Plaintiff was told by other nurses or what Plaintiff knew about the requirements that physicians be immediately available, and on that basis generally and specifically deny those allegations.  Defendants deny that Defendants Soe and Tsai were "absent from the Center during procedures" or "were routinely miles away during chemotherapy sessions, infusion treatments, and certain injections" being performed on patients at the Hematology Oncology Infusion Center in Cameron Park, California.  Defendants further deny that they engaged in any conduct that was in violation of conditions of payment under the Government Healthcare Programs or threatened patient safety for those procedures.  Except as heretofore specifically admitted, Defendants generally and specifically deny each and every allegation contained within paragraph 64 of the Complaint.

65.     Defendants are without sufficient information to form a belief as to the truth of the allegations regarding Plaintiff's job duties, whether she reviewed internal audits from prior years, and what any such audits said, and on that basis deny those allegations.  Defendants admit that a meeting of the El Dorado Hematology and Oncology Board of Directors was held on February 28, 2011, and that they attended the meeting.  Defendants deny the allegations contained in paragraph 65 as to what was said at the meeting by Plaintiff and by Defendants, none of which is reflected in the minutes of the meeting.  Defendants admit that they had expressed concerns about whether the facility was operating in a safe manner for patients, but those concerns related to training and management of nurses by the nurse manager, *i.e.*, Plaintiff, and were not due to physician supervision issues.  Except as heretofore specifically admitted, Defendants generally and specifically deny each and every allegation contained within paragraph 65 of the Complaint.

66.     Defendants are without sufficient information to form a belief as to the truth of the allegations in paragraph 66 and on that basis generally and specifically deny those allegations.

67.     Defendants are without sufficient information to form a belief as to the truth of the allegations in paragraph 67 and on that basis generally and specifically deny those allegations.

68.     Defendants are without sufficient information to form a belief as to the truth of the allegations in paragraph 68 and on that basis generally and specifically deny those allegations.

69.     Defendants are without sufficient information to form a belief as to the truth of the allegations in paragraph 69 and on that basis generally and specifically deny those allegations.

70.     Defendants are without sufficient information to form a belief as to the truth of the allegations in paragraph 70 and on that basis generally and specifically deny those allegations.

71.     Defendants admit the pharmacy department conducted an audit of the Center in August 2011.  Defendants admit that during the audit period, all chemotherapy infusions and injections occurred with proper physician supervision.  Defendants deny that the Center's practice of providing patients with chemotherapy infusions and injections with proper physician supervision was altered during the audit period. Defendants admit that the pharmacy's findings included the language quoted in paragraph 71 of the complaint.  The quoted findings are consistent with the practice of direct physician supervision over the administration of chemotherapy infusions and injections.  Except as heretofore specifically admitted, Defendants generally and specifically deny each and every allegation contained within paragraph 71 of the Complaint.

72.     Defendants deny that after the completion of the pharmacy audit, procedures were performed without waiting for the doctor to arrive.  Defendants are

1   without sufficient information to form a belief as to the truth of the allegations concerning

2   what Vickie Bomar told to Plaintiff, but deny that Dr. Soe ever made the statement to

3   Ms. Bomar attributed to him in paragraph 72.  Defendants generally and specifically deny

4   the remaining allegations contained within paragraph 72 of the Complaint.

5        73.    Defendants deny that Plaintiff witnessed a Medicare patient receiving an

6   infusion without any physician available.  Defendants are without sufficient information to

7   form a belief as to the truth of the allegations regarding what Plaintiff allegedly

8   communicated to the hospital's administrators as set forth in paragraph 73.  Defendants

9   deny the accuracy of the alleged report that Plaintiff made to the hospital administrators

10   as set forth in paragraph 73.  Defendants generally and specifically deny the remaining

11   allegations contained within paragraph 73 of the Complaint.

12        74.    Defendants admit that a Cancer Strategic Planning Meeting was held on

13   August 30, 2011, but deny that Dr. Soe attended that meeting.  Since neither Dr. Soe nor

14   Dr. Tsai attended the meeting, Defendants are without sufficient information to form a

15   belief as to the truth of the remaining allegations contained in paragraph 74 and on that

16   basis generally and specifically deny those allegations.

17        75.    Defendants are without sufficient information to form a belief as to the truth

18   of the allegations in paragraph 75 concerning the content of correspondence between

19   Plaintiff and Ms. McNeil and on that basis generally and specifically deny each and every

20   allegation contained in paragraph 75.

21        76.    Defendants are without sufficient information to form a belief as to the truth

22   of the allegations in paragraph 76; however, Defendants deny the accuracy of the alleged

23   reports that Plaintiff made to the hospital administrators as set forth in paragraph 76.

24   Defendants generally and specifically deny each and every allegation contained within

25   paragraph 76 of the Complaint.

26        77.    Defendants are without sufficient information to form a belief as to the truth

27   of the allegations in paragraph 77; however, Defendants deny the accuracy of the alleged

28   report that Plaintiff made to the hospital administrators as set forth in paragraph 77.

1    Defendants generally and specifically deny each and every allegation contained within

2    paragraph 77 of the Complaint.

3         78.    Defendants admit that they received the memorandum described in

4    paragraph 78 from Ms. McNeill and that it contained the language quotes in

5    paragraph 78. Defendants are without sufficient information to form a belief as to the

6    truth of the remaining allegations of paragraph 78 and on that basis generally and

7    specifically denies those allegations.

8         79.    Defendants admit that they sent a memorandum to the Cancer Strategic

9    Planning Committee on or about September 20, 2011, as alleged in paragraph 79.

10   Defendants deny that they failed to provide appropriate physician coverage for the

11   procedures and further deny that "their concern is really about money and not patient

12   safety." However, Defendants admit that they were concerned that the quality of the

13   infusion room service was slipping after Plaintiff became nurse manager and that they

14   raised these concerns several times to Plaintiff and hospital administration. Defendants

15   admit that they identified mistakes that occurred in the infusion room. Defendants further

16   admit that they explained that none of the mistakes were caused by lack of adequate

17   physicians' coverage or unclear orders. Defendants admit that they expressed concern

18   that the infusion room was underutilized because it was not efficiently scheduled under

19   the direction of Plaintiff, since the infusion room could be used to treat 36 to 48 patients a

20   day if efficiently scheduled at the existing level of physician coverage, but the

21   chemotherapy infusion volume was averaging only 6 to 10 per day. Defendants admit

22   that they were unwilling to increase the number of hours they were required to be present

23   in the office until the existing volume increased to at least 36 patients a day. Defendants

24   deny that this discussion of physician coverage related to the issue of direct supervision

25   or whether or not they left the premises while transfusions were occurring. Except as

26   heretofore specifically admitted, Defendants generally and specifically deny each and

27   every allegation contained within paragraph 79 of the Complaint.

28   / / /

80.     Defendants are without sufficient information to form a belief as to the truth of the allegations in paragraph 80 regarding Vickie Bomar's actions and emotional state and on that basis deny such allegations.  Defendants deny that chemotherapy infusions and other treatments that required their direct supervision occurred when they were not immediately available.  Defendants generally and specifically deny each and every allegation contained within paragraph 80 of the Complaint.

81.     Defendants are without sufficient information to form a belief as to the truth of the allegations in paragraph 81; however, Defendants deny that there was not proper physician coverage at the Center.  Defendants generally and specifically deny each and every allegation contained within paragraph 81 of the Complaint.

82.     Defendants are without sufficient information to form a belief as to the truth of the allegations in paragraph 82 with respect to Plaintiff's complaints to her supervisors and on that basis deny those allegations; however, Defendants deny that there was not proper physician coverage at the Center.  Defendants admit that their relationship with Plaintiff deteriorated during this time period, but allege that this was because of the concerns Defendants voiced about Plaintiff's supervision of the nurses at the Center, not because of Plaintiff's complaints about Defendants; Defendants were largely unaware of Plaintiff's complaints about them since those complaints were primarily made by Plaintiff to her supervisors without the Defendants' knowledge.  Defendants deny that their complaints about Plaintiff's job performance were related to any attempts made by Plaintiff to "get Defendants Dr. Soe and Tsai [to] comply with the legal requirements." Defendants also deny that they ever failed to comply with any legal requirements.  Except as heretofore specifically admitted, Defendants generally and specifically deny each and every allegation contained within paragraph 82 of the Complaint.

83.     Defendants are without sufficient information to form a belief as to the truth of the allegations in paragraph 83 regarding whether Vickie Bomar sent an email to Plaintiff as described in paragraph 83; however, Defendants deny that on Wednesday, November 21, 2011, Defendant Soe left a patient treating with chemotherapy with a

nurse and no physician immediately available.  Defendants are also without sufficient information to form a belief as to the truth of the allegations regarding email correspondence between Plaintiff and her supervisors as alleged in paragraph 83 and on that basis deny those allegations.  Defendants generally and specifically deny each and every allegation contained within paragraph 83 of the Complaint.

84.    Defendants are without sufficient information to form a belief as to the truth of the allegations in paragraph 84 and on that basis generally and specifically deny those allegations.

85.    Defendants are without sufficient information to form a belief as to the truth of the allegations in paragraph 85, although they deny any "illegal absence of physician coverage" or "problematic physician oversight" at the Center.  Defendants admit that it was understood by infusion staff that infusions could not begin until Defendants arrived in the morning as alleged in paragraph 85.  Except as heretofore specifically admitted, Defendants generally and specifically deny each and every allegation contained within paragraph 85 of the Complaint.

86.    Defendants are without sufficient information to form a belief as to the truth of the allegations in paragraph 86 and on that basis generally and specifically deny those allegations.

87.    Defendants admit that it was understood by infusion staff that infusions could not begin until Defendants arrived in the morning as alleged in paragraph 87.  Except as heretofore specifically admitted, Defendants are without sufficient information to form a belief as to the truth of the allegations in paragraph 87 and on that basis generally and specifically deny each and every allegation contained within paragraph 87 of the Complaint.

88.    Defendants are without sufficient information to form a belief as to the truth of the allegations in paragraph 88 and on that basis generally and specifically deny each and every allegation contained within paragraph 88 of the Complaint.

/ / /

89.     Defendants are without sufficient information to form a belief as to the truth of the allegations in paragraph 89 and on that basis generally and specifically deny each and every allegation contained within paragraph 89 of the Complaint.

90.     Defendants are without sufficient information to form a belief as to the truth of the allegations in paragraph 90 with respect to Plaintiff's review of Defendant Marshall's practices.  Defendants deny that they were involved in any billing practices that violated conditions of payment.  Defendants generally and specifically deny each and every allegation contained within paragraph 90 of the Complaint.

91.     Defendants are without sufficient information to form a belief as to the truth of the allegations in paragraph 91 with respect to Plaintiff's review of Defendant Marshall's practices.  Defendants further deny that they were involved in or aware of any billing practices that violated conditions of payment.  Defendants generally and specifically deny each and every allegation contained within paragraph 91 of the Complaint.

92.     Defendants deny that they were involved in or aware of any billing practices that violated conditions of payment.  Defendants generally and specifically deny each and every allegation contained within paragraph 92 of the Complaint.

93.     Defendants are without sufficient information to form a belief as to the truth of the allegations in paragraph 93.  Defendants further deny that they were involved in or aware of any billing practices that violated conditions of payment.  Defendants generally and specifically deny each and every allegation contained within paragraph 93 of the Complaint.

94.     Defendants are without sufficient information to form a belief as to the truth of the allegations in paragraph 94.  Defendants deny that they were involved in or aware of any billing practices that violated conditions of payment.  Defendants generally and specifically deny each and every allegation contained within paragraph 94 of the Complaint.

/ / /

DEFS' ANSWER TO SECOND AMENDED
COMPLAINT

95.   Defendants admit that the pharmacy performed an audit of the Center during the period of approximately August 8-18, 2011.  Defendants admit Robert DiPonti and Arthur Gonzalez were involved in the audit.  Defendants admit that the pharmacy issued a report on or about September 28, 2011, with the title and the text quoted by Plaintiff in paragraph 95.  Defendants deny the characterization of the findings by Plaintiff contained in paragraph 95.  Defendants further deny that they were involved in or aware of any billing practices that violated conditions of payment.  Except as heretofore specifically admitted, Defendants generally and specifically deny each and every allegation contained within paragraph 95 of the Complaint.

96.   Defendants are without sufficient information to form a belief as to the truth of the allegations in paragraph 96 with respect to Plaintiff's monitoring of internal drug log book and patient records.  Defendants further deny that they were involved in or aware of any billing practices that violated conditions of payment.  Defendants generally and specifically deny each and every allegation contained within paragraph 96 of the Complaint.

97.   Defendants are without sufficient information to form a belief as to the truth of the allegations in paragraph 97 with respect to Plaintiff's reports to or interactions with her supervisors, members of the pharmacy, and Melanie Hadsell relating to the Center's billing practices with respect to SDVs.  Defendants further deny that they were involved in or aware of any billing practices that violated conditions of payment.  Defendants generally and specifically deny each and every allegation contained within paragraph 97 of the Complaint.

98.   Defendants are without sufficient information to form a belief as to the truth of the allegations in paragraph 98 with respect to what Plaintiff did or saw in late December 2011.  Defendants deny they were involved in or aware of any billing practices that violated conditions of payment.  Defendants generally and specifically deny each and every allegation contained within paragraph 98 of the Complaint.

/ / /

99.    Defendants admit that they attended a November 28, 2011 meeting of the El Dorado Hematology and Oncology Board of Directors, which was also attended by Rick Vance and Melanie Hadsell.  Defendants admit that there was discussion at the meeting regarding billing for blood transfusions in the hospital.  Defendants deny that there was any discussion or suggestion at the meeting that any billing was "illegal or fraudulent."  Except as heretofore specifically admitted, Defendants generally and specifically deny each and every allegation contained within paragraph 99 of the Complaint.

100.    Defendants admit at the November 28, 2011 meeting, participants discussed situations where Dr. Soe saw a patient during an office visit and then referred the patient to the hospital for a blood transfusion.  Except as heretofore specifically admitted, Defendants generally and specifically deny each and every allegation contained within paragraph 100 of the Complaint.

101.    Defendants admit that at the November 28, 2011 meeting, Dr. Soe explained that regardless of whether there was a face-to-face encounter between the patient and physician at the hospital, the physician was on call and responsible for the patient's care if anything went wrong during the procedure.  Dr. Soe further explained that monitoring hospital transfusions involves assumption of the risks associated with the transfusions and that physician should be compensated for assuming that responsibility and those risks.  Except as heretofore specifically admitted, Defendants generally and specifically deny each and every allegation contained within paragraph 101 of the Complaint.

102.    Defendants generally and specifically deny each and every allegation contained within paragraph 102 of the Complaint.

103.    Defendants admit that no refund for the use of CPT codes 99214 and 99215 in the situations alleged in paragraphs 99 through 102 had occurred at the time of the filing of Plaintiff's initial complaint.  Except as heretofore specifically admitted, Defendants generally and specifically deny each and every allegation contained within

DEFS' ANSWER TO SECOND AMENDED COMPLAINT

1 | paragraph 103 of the Complaint.

2 |      104.   Defendants are without sufficient information to form a belief as to the truth

3 | of the allegations in paragraph 104, but deny any knowledge of an occurrence consistent

4 | with the allegations contained in paragraph 104 and further deny that they would have

5 | condoned or agreed to the provision of chemotherapy without any physician present at

6 | the Center or immediately available or the billing for such a procedure to Medicare.

7 | Defendants generally and specifically deny each and every allegation contained within

8 | paragraph 104 of the Complaint.

9 |      105.   Defendants are without sufficient information to form a belief as to the truth

10 | of the allegations in paragraph 105, but deny any knowledge of an occurrence consistent

11 | with the allegations contained in paragraph 105 and further deny that they would have

12 | condoned or agreed to the provision of chemotherapy without any physician present at

13 | the Center or immediately available or the billing for such a procedure to Medi-Cal.

14 | Defendants generally and specifically deny each and every allegation contained within

15 | paragraph 105 of the Complaint.

16 |      106.   Defendants are without sufficient information to form a belief as to the truth

17 | of the allegations in paragraph 106, but deny any knowledge of an occurrence consistent

18 | with the allegations contained in paragraph 106 and further deny that they would have

19 | condoned or agreed to the provision of chemotherapy without any physician present at

20 | the Center or immediately available or the billing for such a procedure to Medicare and

21 | Tricare.  Defendants generally and specifically deny each and every allegation contained

22 | within paragraph 106 of the Complaint.

23 |      107.   Defendants are without sufficient information to form a belief as to the truth

24 | of the allegations in paragraph 107, but deny engaging in any illegal and fraudulent

25 | conduct or any pervasive pattern and practice of improper billing.  Defendants generally

26 | and specifically deny each and every allegation contained within paragraph 107 of the

27 | Complaint.

28 | / / /

108.    Defendants are without sufficient information to form a belief as to the truth of the allegations in paragraph 108, but deny any involvement in improper billing with respect to the use of SDVs.  Defendants generally and specifically deny each and every allegation contained within paragraph 108 of the Complaint.

109.    Defendants are without sufficient information to form a belief as to the truth of the allegations in paragraph 109, but deny any involvement in improper billing with respect to the use of SDVs.  Defendants generally and specifically deny each and every allegation contained within paragraph 109 of the Complaint.

110.    Defendants are without sufficient information to form a belief as to the truth of the allegations in paragraph 110, but deny any involvement in improper billing with respect to the use of SDVs.  Defendants generally and specifically deny each and every allegation contained within paragraph 110 of the Complaint.

111.    Defendants are without sufficient information to form a belief as to the truth of the allegations in paragraph 111, but deny any involvement in improper billing with respect to the use of SDVs.  Defendants generally and specifically deny each and every allegation contained within paragraph 111 of the Complaint.

112.    Defendants are without sufficient information to form a belief as to the truth of the allegations in paragraph 112, but deny any involvement in improper billing with respect to the use of SDVs.  Defendants generally and specifically deny each and every allegation contained within paragraph 112 of the Complaint.

113.    Defendants are without sufficient information to form a belief as to the truth of the allegations in paragraph 113, but deny any involvement in improper billing with respect to the use of SDVs.  Defendants generally and specifically deny each and every allegation contained within paragraph 113 of the Complaint.

114.    Defendants are without sufficient information to form a belief as to the truth of the allegations in paragraph 114, but deny any involvement in improper billing with respect to the use of SDVs.  Defendants generally and specifically deny each and every allegation contained within paragraph 114 of the Complaint.

- 20 -

1    115.   Defendants are without sufficient information to form a belief as to the truth

2  of the allegations in paragraph 115, but deny any involvement in improper billing with

3  respect to the use of SDVs.  Defendants generally and specifically deny each and every

4  allegation contained within paragraph 115 of the Complaint.

5    116.   Defendants are without sufficient information to form a belief as to the truth

6  of the allegations in paragraph 116, but deny any involvement in improper billing with

7  respect to the use of SDVs.  Defendants generally and specifically deny each and every

8  allegation contained within paragraph 116 of the Complaint.

9    117.   Defendants are without sufficient information to form a belief as to the truth

10  of the allegations in paragraph 117, but deny any involvement in improper billing with

11  respect to the use of SDVs.  Defendants generally and specifically deny each and every

12  allegation contained within paragraph 117 of the Complaint.

13                                  **COUNT I**

14                  **False Claims Act, 31 U.S.C. §3729(a)(1)(a)**

15    118.   Defendants reallege and incorporate by reference the admissions and

16  denials contained in the foregoing paragraphs of this Answer.

17    119.   Defendants generally and specifically deny each and every allegation

18  contained within Paragraph 119 of the Complaint.

19                                  **COUNT II**

20                  **False Claims Act, 31 U.S.C. §3729(a)(1)(b)**

21    120.   Defendants reallege and incorporate by reference the admissions and

22  denials contained in the foregoing paragraphs of this Answer.

23    121.   Defendants generally and specifically deny each and every allegation

24  contained within paragraph 121 of the Complaint.

25  / / /

26  / / /

27  / / /

28  / / /

<div align="center">

**COUNT III**

**False Claims Act, 31 U.S.C. §3729(a)(1)(c)**

</div>

122.   Defendants reallege and incorporate by reference the admissions and denials contained in the foregoing paragraphs of this Answer.

123.   Defendants generally and specifically deny each and every allegation contained within paragraph 123 of the Complaint.

<div align="center">

**COUNT IV**

**California False Claims Act, Cal. Gov. Code § 12651(a)(1)**

</div>

124.   Defendants reallege and incorporate by reference the admissions and denials contained in the foregoing paragraphs of this Answer.

125.   Defendants generally and specifically deny each and every allegation contained within paragraph 125 of the Complaint.

<div align="center">

**COUNT V**

**California False Claims Act ,Cal. Gov. Code § 12651(a)(2)**

</div>

126.   Defendants reallege and incorporate by reference the admissions and denials contained in the foregoing paragraphs of this Answer.

127.   Defendants generally and specifically deny each and every allegation contained within paragraph 127 of the Complaint.

<div align="center">

**COUNT VI**

**California False Claims Act, Cal. Gov. Code § 12651(a)(3)**

</div>

128.   Defendants reallege and incorporate by reference the admissions and denials contained in the foregoing paragraphs of this Answer.

129.   Defendants generally and specifically deny each and every allegation contained within paragraph 129 of the Complaint.

/ / /

/ / /

/ / /

/ / /

1

## COUNTS DISMISSED WITH PREJUDICE

2        Plaintiffs' Counts VII, VIII, IX, and X for Wrongful Termination (paragraphs 130-

3   154) have been dismissed with prejudice as to Defendants El Dorado Hematology &

4   Medical Oncology II, Inc., Dr. Lin H. Soe and Dr. Tsuong Tsai per the Court's Order

5   Granting In Part and Denying In Part Defendants' Motions to Dismiss dated May 12, 2015

6   (Dkt. No. 67).  Accordingly, Defendants are under no further obligation to answer the

7   allegations set forth in paragraphs 130-154 of Plaintiff's Complaint.  To the extent an

8   answer is necessary, Defendants generally and specifically deny each and every

9   allegation contained within Counts VII, VIII, IX, and X of the Complaint.

10

## PLAINTIFF'S PRAYER FOR RELIEF

11        Defendants deny that Plaintiff is entitled to any relief.

12

## AFFIRMATIVE DEFENSES

13        Defendants plead the following separate defenses.  Defendants reserve the right

14   to assert additional affirmative defenses that discovery indicates are proper.

15

## FIRST AFFIRMATIVE DEFENSE

16

### (Failure to State a Claim)

17        As a separate and first affirmative defense to the Second Amended Complaint,

18   and to the purported causes of action set forth therein, Defendants allege that the

19   Second Amended Complaint fails to state facts sufficient to constitute a cause of action.

20

## SECOND AFFIRMATIVE DEFENSE

21

### (Statute of Limitations)

22        As a separate and second affirmative defense to the Second Amended Complaint,

23   and to the purported causes of action set forth therein, Defendants allege that the

24   Second Amended Complaint and each claim therein asserted against Defendants is

25   barred, in whole or in part, by the applicable statutes of limitations.

26

## THIRD AFFIRMATIVE DEFENSE

27

### (Laches)

28        As a separate and third affirmative defense to the Second Amended Complaint,

DEFS' ANSWER TO SECOND AMENDED
COMPLAINT

1   and to the purported causes of action set forth therein, Defendants allege that Plaintiff's

2   claims are barred, in whole or in part, by the doctrine of laches and undue delay in giving

3   notice to Defendants of the matters alleged in the Complaint and in commencing this

4   litigation.

5   ### FOURTH AFFIRMATIVE DEFENSE

6   ### (Claims Barred by Federal Non-Enforcement Policy)

7   As a separate and fourth affirmative defense to the Second Amended Complaint,

8   and to the purported causes of action set forth therein, Defendants allege that Plaintiff's

9   claims based on lack of physician supervision are barred, in whole or in part, by the

10  federal government's non-enforcement policy in place from 2010 through 2014.

11  ### FIFTH AFFIRMATIVE DEFENSE

12  ### (Exemption)

13  As a separate and fifth affirmative defense to the Second Amended Complaint,

14  and to the purported causes of action set forth therein, Defendants allege that Marshall

15  Medical Center is and at all relevant times has been a small, rural hospital for purposes

16  of all applicable statutes (including 42 U.S.C. § 1395 and California Health and Safety

17  Code § 124840).  Marshall Medical Center is and at all relevant times has been located in

18  a rural area.  Marshall Medical Center maintains and at all relevant times has maintained

19  100 or fewer beds.  Thus, Defendants are not, and at no time relevant to this matter have

20  been, subject to the physician supervision requirements forming the basis of Plaintiff's

21  claims.

22  ### SIXTH AFFIRMATIVE DEFENSE

23  ### (No Material Misrepresentation)

24  As a separate and sixth affirmative defense to the Second Amended Complaint,

25  and to the purported causes of action set forth therein, Defendants allege that Plaintiff's

26  allegations pursuant to the False Claims Act fail because Defendants made no material

27  misrepresentation bearing upon or influencing the payment or receipt of money or

28  property.

## SEVENTH AFFIRMATIVE DEFENSE

### (No Scienter)

As a separate and seventh affirmative defense to the Second Amended Complaint, and to the purported causes of action set forth therein, Defendants allege that they, at all relevant times and in all relevant respects, acted in good faith and with actual and reasonable belief that they were in compliance with all relevant statutory and regulatory requirements.

## EIGHTH AFFIRMATIVE DEFENSE

### (No Responsibility for Alleged Conduct of Others)

As a separate and eighth affirmative defense to the Second Amended Complaint, and to the purported causes of action set forth therein, Defendants allege that they were, at all relevant times, not responsible for the billing policies and practices of Marshall Medical Center, and thus have no liability arising from such billing policies and/or practices.

## NINTH AFFIRMATIVE DEFENSE

### (Public Disclosure Defense)

As a separate and ninth affirmative defense to the Second Amended Complaint, and to the purported causes of action set forth therein, Defendants allege that Plaintiff is not an original source of the allegations contained in this complaint and that substantially the same allegations or transactions as alleged in this complaint were previously publicly disclosed, and therefor this action should be dismissed pursuant to 31 U.S.C. § 3730(e)(4).

## TENTH AFFIRMATIVE DEFENSE

### (Voluntary Disclosure and Repayment)

As a separate and tenth affirmative defense to the Second Amended Complaint, and to the purported causes of action set forth therein, Defendants allege that Plaintiff's action is barred to the extent Defendants have already disclosed and repaid any overpayments received in connection with any billing anomalies relating to physician

1 | supervision at the Center and/or blood transfusions provided to Center patients.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Proximate Cause)

As a separate and eleventh affirmative defense to the Second Amended Complaint, and to the purported causes of action set forth therein, Defendants allege that Plaintiff's claims are barred because Defendants' alleged conduct neither actually nor proximately caused any of the damages alleged by Plaintiff.

## TWELFTH AFFIRMATIVE DEFENSE

### (Conduct Permitted By Statute)

As a separate and twelfth affirmative defense to the Second Amended Complaint, and to the purported causes of action set forth therein, Defendants allege that Plaintiffs are barred from relief because Defendants' alleged conduct was justified, proper, privileged, in compliance with, and/or permitted by express federal statutory or regulatory authority.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

As a separate and thirteenth affirmative defense to the Second Amended Complaint, and to the purported causes of action set forth therein, Defendants allege that Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Good Faith)

As a separate and fourteenth affirmative defense to the Second Amended Complaint, and to the purported causes of action set forth therein, Defendants allege that all conduct on the part of Defendants alleged in the Complaint, to the extent it was conducted at all, was conducted in good faith and without fraud, oppression, or malice, thereby precluding Plaintiff from recovery on all claims she asserts, and in particular precluding any and all claims for punitive and exemplary damages.

/ / /

1

## FIFTEENTH AFFIRMATIVE DEFENSE

2

### (Estoppel)

3  As a separate and fifteenth affirmative defense to the Second Amended

4  Complaint, and to the purported causes of action set forth therein, Defendants allege that

5  Plaintiff is estopped, under principles of law and equity, from asserting the claims alleged.

6

## SIXTEENTH AFFIRMATIVE DEFENSE

7

### (Compliance With Laws and Regulations)

8  As a separate and sixteenth affirmative defense to the Second Amended

9  Complaint, and to the purported causes of action set forth therein, Defendants allege that

10  each of Plaintiff's claims is barred because Defendants complied with all applicable laws

11  and regulations underlying Plaintiff's claims.

12

## SEVENTEENTH AFFIRMATIVE DEFENSE

13

### (No Individual Liability)

14  As a separate and seventeenth affirmative defense to the Second Amended

15  Complaint, and to the purported causes of action set forth therein, Defendants allege that

16  the individual physician defendants have no liability in connection with the conduct of

17  business entities alleged by Plaintiff in the Complaint, including but not limited to conduct

18  involving the individual physician defendants within the course and scope of their duties

19  to business entities.

20

## EIGHTEENTH AFFIRMATIVE DEFENSE

21

### (Constitutionality)

22  As a separate and eighteenth affirmative defense to the Second Amended

23  Complaint, and to the purported causes of action set forth therein, Defendants allege that

24  the False Claims Act, including without limitation the treble damages and civil penalty

25  provisions of the Act, violates one or more of the provisions of the United States and

26  California Constitutions, including without limitation the Excessive Fines Clause.

27

## RESERVATION OF RIGHTS

28  Defendants reserve the right to assert additional affirmative defenses if

1  Defendants become aware of the existence of such defenses arising during the course of

2  discovery and/or investigation.

3  <center>**DEMAND FOR JURY TRIAL**</center>

4       Defendants hereby preserve their right to request a jury trial on all disputed issues

5  of fact.

6  <center>**PRAYER FOR RELIEF**</center>

7       WHEREFORE, Defendants pray for relief as follows:

8       1.    That the Second Amended Complaint be denied and dismissed with

9  prejudice and in its entirety;

10       2.    That Plaintiff take nothing by reason of this Second Amended Complaint

11  and that judgment be entered against Plaintiff and in favor of Defendants;

12       3.    That Defendants be awarded their attorneys' fees and costs incurred in

13  defending this action;

14       4.    That Defendants be granted such other and further relief as the Court may

15  deem just and proper.

16  DATED: June 1, 2015              HANSON BRIDGETT LLP

17

18                         By:_____

19                            KATHRYN E. DOI
                          Attorneys for Defendants, El Dorado

20                            Hematology & Medical Oncology II, Inc., Dr.
                          Lin H. Soe and Dr. Tsuong Tsai

21

22

23

24

25

26

27

28

DEFS' ANSWER TO SECOND AMENDED
COMPLAINT