**WATERS KRAUS & PAUL**
MICHAEL L. ARMITAGE (No. 152740)
LOUISA O. KIRAKOSIAN (No. 271983)
222 N. Sepulveda Blvd.
Suite 1900
El Segundo, California 90245
Tel. 310-414-8146
Fax. 310-414-8156

**WATERS & KRAUS, LLP**
LOREN JACOBSON *pro hac vice*
3219 McKinney Ave.
Dallas, Texas 75204
Tel. 214-357-6244
Fax. 214-871-2263

**JOSEPH, GREENWALD & LAAKE, P.A.**
Brian J Markovitz, *pro hac vice*
Matthew M. Bryant, *pro hac vice*
6404 Ivy Lane, Suite 400
Greenbelt, MD  20770
(301) 220-2200
(301) 220-1214 (facsimile)

Attorneys for Relator Colleen Herren

**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, AND THE STATE OF CALIFORNIA ex rel. COLLEEN HERREN, <br><br> Plaintiffs/Relator, <br><br> v. <br><br> MARSHALL MEDICAL CENTER, *et al.,* <br><br> Defendants. | **CASE NO. 2:12-CV-0098 JAM-KJN** <br><br> **AGREED PROTECTIVE ORDER** |

### AGREED PROTECTIVE ORDER

The Court issues this Protective Order to facilitate document disclosure and production under the Local Rules of this Court and the Federal Rules of Civil Procedure.  Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation.  A Protective Order has been entered in this case that protects information produced by the parties to this action.  This Protective Order is intended to protect information produced by Defendants.

In support of this order, the Court finds that:

Documents or information containing private information, including but not limited to private employment or personnel information, personal information, or proprietary business information, and/or trade secrets, and/or Protected Health Information ("PHI") as defined by 45 C.F.R. § 160.103 ("Confidential Information") that bear on the parties' claims or defenses is likely to be disclosed or produced during the course of discovery in this litigation;

Defendants may assert that public dissemination and disclosure of Confidential Information could severely injure or damage them, and further could violate the state and federal laws and regulations that limit the type of PHI that may be disclosed and the circumstances under which PHI may be disclosed;

Counsel for the party or parties receiving Confidential Information are presently without sufficient information to accept the representation(s) made by the party or parties producing Confidential Information as to the confidential, proprietary, trade secret, and/or protected nature of such Confidential Information; and

To protect the respective interests of the parties and to facilitate the progress of disclosure and discovery in this case, the following Order should issue:

**IT IS THEREFORE ORDERED THAT:**

1. Documents or discovery responses containing Confidential Information disclosed or produced by the parties in this litigation are referred to as "Protected Documents." Except as otherwise indicated below, all documents or discovery responses designated by the producing party as "Confidential" and which are disclosed or produced to the attorneys for the other parties to this litigation are Protected Documents and are entitled to confidential treatment as described below. In designating information as "Confidential" , a party will make such designation only as to that information which it in good faith believes is private, personal, proprietary, or contains proprietary business information, trade secrets, and/or PHI.

2. At any time after the delivery of Protected Documents, counsel for the party or parties receiving the Protected Documents may challenge the Confidential designation of all or any portion thereof by providing written notice thereof to counsel for the party disclosing or producing the Protected

1  Documents and identifying the document or thing with sufficient particularity to permit the designating
2  party to identify it.  Within ten (10) days from the receipt of any such objection, the designating party
3  shall advise counsel for the objecting party whether the Confidential designation will be withdrawn.  If
4  the dispute cannot be resolved between the parties, the party seeking a Confidential designation may
5  seek appropriate relief from the Court by motion or otherwise.  During the pendency of any such
6  motion, the designated document or thing shall continue to be treated as a Protected Document and to be
7  subject to the terms of this Order.
8         3.      Protected Documents and any information contained therein shall not be used or shown,
9  disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except as
10 provided for below.
11        4.      Protected Documents designated as "Confidential," and any information contained
12 therein, shall be disclosed only to the following persons:
13              (a) The parties and their counsel;
14              (b) The Government and its counsel, including counsel from the U.S. Attorney's Office
15                  of the Eastern District of California and the Department of Justice and the California
16                  Attorney General's Office;
17              (c) Employees of such counsel necessary to assist such counsel in the preparation and
18                  trial of this action;
19              (d) Experts retained by a party or its counsel for the purpose of testifying, consulting, or
20                  otherwise rendering assistance in this action;
21              (e) Actual or potential witnesses and their counsel;
22              (f) Court reporters;
23              (g) The Court; and
24              (h) Any other person only upon order of the Court or upon the written stipulation of both
25                  parties.
26 To the extent the parties or their counsel provide protected health information to any person, including
27 prospective witnesses, in connection with this hearing, the use of such information shall be limited to
28 legitimate, necessary, and customary purposes related to the preparation and prosecution or defense of

the issues at the hearing. The parties shall secure from prospective witnesses and their counsel a prior commitment that any protected health information disclosed to them will (1) be used only to the minimum extent necessary, (2) not be further disclosed or copied without the express consent of the providing party (or its counsel), and (3) be returned to the providing party or destroyed (including copies) upon expiration of the time within which any appeal might be brought.

    5.    Protected Documents and any information contained therein shall be used solely for the prosecution or defense of this litigation.  In accordance with the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), codified at 42 U.S.C. §§ 1320d *et seq.* and implemented at 45 C.F.R. §§ 160, 164, this Order specifically prevents any party from using or disclosing any PHI produced by the parties for any purpose other than prosecuting or defending the claims in this litigation. *See* 45 C.F.R. § 164.512(e)(1)(v)(A).

    6.    The term "copy" as used herein means any photographic, mechanical or computerized copy or reproduction of any document or thing, or any verbatim transcript, in whole or in part, of such document or thing.  Copies of Protected Documents produced under this Order may be made, or exhibits prepared, by independent copy companies for the purpose of this litigation without violating this Order.

    7.    Documents produced in this action may be designated by any party, including a producing third-party, as "Confidential" by marking each page of the document, item, compact disc, hard disc (hard drive), or e-mail "CONFIDENTIAL",.  In lieu of marking the originals of a document, if the original is not produced, the designating party may mark the copies that are produced or exchanged or otherwise used in this litigation.

    8.    To the extent that Protected Documents are used in depositions, at hearings, or at trial, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony referring to the Protected Documents or Confidential Information contained therein.

    9.    Any court reporter or transcriber who reports or transcribes testimony in this action shall agree that all Confidential Information designated as such under this Order shall remain confidential and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or

delivered to counsel of record.

10. Inadvertent or unintentional production of documents or information containing Confidential Information which are not designated "Confidential" shall not be deemed a waiver in whole or in part of a claim for confidential treatment.

11. After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this litigation.

12. Upon termination of this action by dismissal, judgment, or settlement, counsel for the party or parties receiving Protected Documents shall return the Protected Documents (including all copies thereof) to the counsel for the party or parties disclosing or producing the Protected Documents or attest to counsel for the party or parties disclosing or producing the Protected Documents that all copies of Protected Documents in counsel's custody or control have been destroyed using a methodology specified by the U.S. Secretary of Health & Human Services pursuant to Section 13402(h)(2) of Public Law 111-5 that renders the PHI unusable, unreadable, or indecipherable. Specifically, in accordance with HIPAA regulations, upon termination of this action by dismissal, judgment, or settlement, counsel for the party or parties receiving Protected Documents containing PHI shall return the Protected Documents containing PHI (including all copies thereof) to the counsel for the party or parties disclosing or producing the Protected Documents containing PHI or provide satisfactory assurances that all copies of Protected Documents containing PHI in the receiving party's custody or control have been destroyed using a methodology specified by the U.S. Secretary of Health & Human Services pursuant to Section 13402(h)(2) of Public Law 111-5 that renders the PHI unusable, unreadable, or indecipherable. *See* 45 C.F.R. § 164.512(e)(i)(v)(B); § 164.402. The party or parties receiving the Protected Documents shall keep their attorney work product which refers or relates to any Protected Documents. Attorney work product may be used in subsequent litigation provided that such use does not disclose Protected Documents or any information contained therein.

13. If any party or person that has obtained Protected Documents receives a request, subpoena, or other process from any court, tribunal, person, or entity seeking disclosure of any

Protected Documents received from another party, the party or person receiving such a request shall within three (3) business days give written notice by overnight delivery or email to counsel for the original producing party enclosing a copy of the request, subpoena, or process, and shall also inform the entity issuing the request, subpoena, or process that the documents sought are subject to this Order and may not be disclosed without the consent of the producing party, or order of this Court or a court of competent jurisdiction.  The parties expressly acknowledge that if an original producing party fails to seek or obtain relief from the request within ten (10) business days of receiving notice of the request, it shall not constitute a violation of this Order for the party that was requested to produce such materials to produce them in response to the request.

14.     Inadvertent disclosure of any document or other information covered by the attorney-client privilege, work-product doctrine, or other applicable privileges during discovery shall be without prejudice to any claim that such document or other information is privileged, and no producing party shall be held to have waived any rights by such inadvertent disclosure.  A producing party that believes it has inadvertently produced or disclosed privileged or protected material shall, promptly after becoming aware of such production or disclosure, give written notice to all other parties stating that: (1) the material is privileged or protected; (2) the material has been inadvertently produced or disclosed; and (3) the return of such material is requested.  The receiving party shall not use and agrees to return any inadvertently produced privileged material immediately upon request, unless such privilege has been waived by some means other than the inadvertent disclosure.

15.     This Order shall be binding upon the parties to this litigation and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

16.     This Order shall not affect: (a) the right of any party to object to any discovery request on any ground; (b) the right of any party to invoke the attorney-client privilege or any other privilege; (c) any party's right to seek an order compelling discovery with respect to any discovery request; (d) any party's right to object to the admissibility of any information on any ground; (e) any party's ability to use any document or information obtained by such party independently of the formal discovery

1 proceedings in this action, whether or not such document, material, or information is also obtained
2 through formal discovery proceedings and designated as Confidential Information; or (f) any party's
3 ability to seek any other order or relief with respect to discovery issues that may hereafter arise.

4     17.    Pursuant to HIPAA, a covered entity is permitted to disclose PHI in the course of a
5 judicial proceeding if certain "satisfactory assurances" are received. This Order provides the
6 satisfactory assurances required by HIPAA and provides for an efficient means of discovery in this
7 litigation, while still protecting confidential and proprietary material and the privacy rights of all
8 concerned.

9     18.    The parties hereby respectfully request the Court to enter this Order pursuant to Federal
10 Rule of Civil Procedure 26(c) and HIPAA.

12 So ORDERED AND SIGNED this 29th day of June, 2015.

14     /s/ John A. Mendez
    United States District Court Judge

APPROVED AS TO FORM AND SUBSTANCE:

BY:

DATED: June 29, 2015

_____
**WATERS KRAUS & PAUL**
MICHAEL L. ARMITAGE (No. 152740)
LOUISA O. KIRAKOSIAN (No. 271983)
222 N. Sepulveda Blvd.
Suite 1900
El Segundo, California 90245
Tel. 310-414-8146
Fax. 310-414-8156

**WATERS & KRAUS LLP**
LOREN JACOBSON, *pro hac vice*
3219 McKinney Ave.
Dallas, TX 75204
Tel. 214-357-6244
Fax. 214-357-7252

**JOSEPH, GREENWALD & LAAKE, P.A.**
BRIAN J. MARKOVITZ, *pro hac vice*
MATTHEW M. BRYANT, *pro hac vice*
6404 Ivy Lane, Suite 400
Greenbelt, MD 20770
Tel. (301) 220-22200
Fax. (301) 220-1214

***ATTORNEYS FOR RELATOR HERREN***

DATED: June 26, 2015          HANSON BRIDGETT LLP


By:     /S/
_____
KATHRYN E. DOI
Attorneys for , El Dorado Hematology & Medical Oncology II, Inc., Dr. Lin H. Soe and Dr. Tsuong Tsai

DATED:  June 26, 2015         HOOPER, LUNDY & BOOKMAN, P.C.



By:         /S/
_____
PATRIC HOOPER
Attorneys for Marshall Medical Center

8
AGREED PROTECTIVE ORDER

11329333.1